KELLAR, ETTINGER & FINK

*v.*

JOEL H. NORTON.

*Opinion filed June 19, 1907—Rehearing denied October 8, 1907.*

1. INSOLVENT DEBTORS—*"malice" means a wrong inflicted with evil intent.* The term "malice," as used in section 2 of the Insolvent Debtors act, depriving a person arrested in a civil action ·of his right to release under said act when malice is the gist of the action, signifies a wrong inflicted with evil intent or purpose.

2. SAME—*order for capias ad satisfaciendum is not an adjudication that malice is gist of action.* An order for a writ of *capias ad satisfaciendum,* ordered because the judgment had "been obtained for a tort committed" by defendant, is not an adjudication that malice was the gist of the action and is no defense to an application for release under the Insolvent Debtors act.

3. SAME—*extrinsic evidence is not admissible to show malice.* Upon a petition under the Insolvent Debtors act for the release of a person imprisoned under a *capias ad satisfaciendum* issued on a judgment in an action of trover, evidence outside of the record of the trover suit is not admissible to show that there was malice in the original transaction out of which the suit arose.

4. SAME—*the right of discharge depends upon action in fact brought.* The words "when malice is not the gist of the action,"

used in section 2 of the Insolvent Debtors act to designate cases wherein the debtor may not be discharged, mean the gist of the action which was in fact brought, and not an action which might have been, but was not, brought.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

Appellee filed his petition in the county court of Cook county under the Insolvent Debtors act, seeking to be discharged from imprisonment. The court entered an order releasing him, and that order has been affirmed by the Branch Appellate Court. The record is brought here by appeal.

The petition avers, among other things, that petitioner was arrested under a certain *capias ad satisfaciendum* issued out of the superior court of Cook county in favor of plaintiffs in a certain suit, in which the appellants herein were plaintiffs and petitioner defendant, to enforce the collection of the judgment therein for the sum of $2719.41; avers that he is now in the custody of the sheriff of said Cook county under and by virtue of said writ, and that he desires to release his body from such imprisonment by delivering up his property; avers that malice was not of the gist of the action in the superior court. Appellants appeared and to this petition filed a plea setting out their motion in the superior court on which the *capias* was issued and the order of the superior court thereon, for the purpose of showing that the question of malice had been adjudicated by that court. To this plea appellee filed a demurrer, which was sustained. Appellants also filed a plea denying that malice was not the gist of the action. The matter was heard by the court, and appellants offered evidence *dehors* the record of the superior court to show that there was malice in the original transaction, and to show that in the trial in the superior court there was evidence introduced and received which tended to prove that malice was of the gist of the

action. The county court held that it was bound by the record of the superior court and would not receive any other evidence.

From the declaration in the cause in the superior court which was offered in evidence, it appears that appellants placed in the hands of appellee a number of precious stones, denominated brilliants, of which they were the owners, in order that he might inspect and make a purchase of some or all of them. At the same time they delivered to him a "memorandum bill" of the goods so delivered, and in which was stated: "These goods are sent you for your selection, and remain our property and are to be returned to us within ten days. Sale takes effect from the date of our approval of your selection, when a regular bill will be sent, which bill only will be proof of sale, and until then these goods are to be held subject to our orders." Appellee received the goods on those terms but failed to purchase any of them and failed to return them within ten days. A few days later, however, he returned part of them, and when appellants demanded a return of the remainder he failed to comply with the demand.

It is urged by appellants that the court erred, first, in sustaining the demurrer to the plea of former adjudication; second, in rejecting evidence offered by appellants; third, in discharging appellee.

ROSENTHAL, KURZ & HIRSCHL, for appellants.

F. W. WINKLER, (L. W. HOLDER, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The declaration in the suit in the superior court is in trover. The plaintiffs in that suit obtained in that court an order that a *ca. sa.* issue pursuant to the provisions of section 5 of chapter 77, Hurd's Revised Statutes of 1905, and while held by virtue of that writ Norton sought his release

under the provisions of section 2 of chapter 72, Hurd's Revised Statutes of 1905, which reads: "When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, or in any civil action when malice is not the gist of the action, or when any debtor is surrendered or committed to custody by his bail in any such action, or is arrested or imprisoned upon execution in any such action, such person may be released from such arrest or imprisonment upon complying with the provisions of this act."

The appellants sought to interpose as a defense to the application the order of the superior court for the writ, on the theory that this order was an adjudication that malice was of the gist of the action. The writ was ordered because the judgment had "been obtained for a tort committed" by the appellee. In determining whether the writ should issue the question of malice did not arise at all. The order of the superior court therefore presented no defense to this petition.

Appellants also contend that malice was of the gist of the action in the superior court. The term "malice," as used in section 2, *supra,* signifies a wrong inflicted on another with evil intent or purpose. "It requires the intentional perpetration of an injury or wrong on another. The wrong and intention to commit the injury are necessary to deprive the party of the right to a discharge from arrest or imprisonment." (*First Nat. Bank of Flora* v. *Burkett,* 101 Ill. 391; *Jernberg* v. *Mix,* 199 id. 254.) For aught that appears from the declaration in the superior court, the failure of appellee to return the property may have resulted from circumstances over which he had absolutely no control. Every averment of the declaration may be true and still the appellee may have been entirely free from any evil intent or purpose.

The court refused to admit evidence offered by appellants extrinsic to the record of the superior court for the purpose of showing that there was malice on the part of

appellee in the original transaction out of which the suit in the superior court grew, and also excluded such evidence offered by appellants to show that proof was introduced and received on the trial in the superior court which tended to establish the fact that malice was of the gist of the action. In this we think there was no error. Upon a compliance with the provisions of section 2, *supra,* the debtor is entitled to his discharge "when malice is not of the gist of the action," which means the gist of the action which was in fact brought against him, and not the gist of an action which might have been, but which in fact was not, carved out of the original transaction or transactions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. Justice Carter took no part in the decision of this case.