(No. 21366.—

Karl S. Buck, Plaintiff in Error, *vs.* Clarence Alex, Admr., Defendant in Error.

*Opinion filed October 22, 1932.*

WELSH & WELSH, for plaintiff in error.

KNIGHT, PENNY & LUPTON, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the Second District reversed a judgment of the county court of Winnebago county discharging the plaintiff in error, Karl S. Buck, under the Insolvent Debtors act, from imprisonment by virtue of a *capias ad satisfaciendum* issued upon a judgment rendered by the circuit court of Winnebago county in an action on the case in favor of Clarence Alex, administrator of the estate of Frank O. Johnson, deceased, for damages for the death of the intestate. The judgment of the Appellate Court remanded the cause to the county court, with directions to remand the plaintiff in error to the custody of the sheriff.

Section 12 of article 2 of the constitution has abolished imprisonment for debt in this State except upon refusal of the debtor to deliver his estate for the benefit of his creditors as may be prescribed by law or in cases where there is a strong presumption of fraud. This prohibition

does not extend to cases of tort but applies only to debts arising out of contract between the parties, either express or implied. (*People* v. *Cotton,* 14 Ill. 414; *McKindley* v. *Rising,* 28 id. 337; *Rich* v. *People,* 66 id. 513; *Kennedy* v. *People,* 122 id. 649; *Kitson* v. *Farwell,* 132 id. 327.) The judgment against the defendant having been rendered for a tort, the plaintiff was entitled to a *capias ad satisfaciendum* authorizing the imprisonment of the defendant until satisfaction of the judgment, and the constitution afforded him no relief. The General Assembly, however, has provided by section 2 of the Insolvent Debtors act (Cahill's Stat. 1931, par. 5, p. 1606; Smith's Stat. 1931, par. 2, p. 1634;) that any person imprisoned upon execution in any civil action when malice is not of the gist of the action may be released from such imprisonment upon complying with the provisions of the act. No question as to the plaintiff in error's compliance with the provisions of the act is raised on this record, the contention of the defendant in error being that upon the facts disclosed the plaintiff in error was not entitled to relief, and that the gist of the action in which the judgment was recovered was malice, and this is, therefore, the only question to be determined.

The declaration upon which the judgment was rendered against the plaintiff in error consisted of two counts, the first of which charged that the defendant was operating an automobile in a southerly direction on Eleventh street, in the city of Rockford, and at the same time the deceased, Frank O. Johnson, was walking along Saylor road in a westerly direction near its intersection with Eleventh street, the time being in the forenoon, between the hours of eleven and twelve o'clock, and he being in the exercise of due and ordinary care for his own safety; that while he was walking across Eleventh street at its intersection with Saylor road, the defendant carelessly, recklessly and improperly managed his automobile, so that by and on account of his careless, reckless and improper conduct he ran into and

struck the deceased with great force and violence, and on account thereof the deceased was then and there thrown upon the pavement, was greatly injured, and shortly thereafter died on account of those injuries. The second count of the declaration, after charging the defendant with operating the automobile and stating that the deceased was walking along said road toward the intersection with Eleventh street, in the exercise of ordinary care for his own safety, avers that while the deceased was walking across Eleventh street there were no obstructions to prevent the defendant from seeing him as he was about to, and did at that time, walk into and attempt to cross Eleventh street, and it was the duty of the defendant to see the deceased just prior to and at the time he struck him and to so manage, run, operate and drive his automobile at that place as not to injure pedestrians crossing the highway upon which he was driving, but that, nevertheless, regardless of his duty to the deceased, whom he did see about to cross, and crossing, the highway on which he was driving, or whom he could and should have seen if he had watched the road at that point as a careful and prudent man should have done, he so willfully, wantonly and maliciously, without regard for his duty but with gross and entire disregard thereof, ran, managed, operated and drove his automobile on Eleventh street that on account of such willful, wanton and malicious conduct the automobile driven by him then and there ran into and struck the deceased with great force and violence, so that he was thrown upon the pavement and greatly injured, and died from his injuries shortly afterward.

The court gave nine instructions for the plaintiff and thirteen for the defendant. The only instructions set out in the abstract are instructions 2, 6, 8 and 9 given for the plaintiff, as follows:

2. "The court instructs the jury that if you believe from a preponderance of the evidence that the defendant, on

February 28, 1930, carelessly, negligently and improperly drove, directed and managed his said automobile, and on account thereof the plaintiff's intestate was injured, and from such injuries thereafter died, and that plaintiff's intestate then and there and immediately prior thereto had been in the exercise of reasonable care for his own safety, then you should find the defendant guilty."

6. "The court instructs the jury that if you believe from a preponderance of the evidence that the deceased was rightly using the highway at the time and place in question, and that he was then and there and immediately prior thereto had been, in the exercise of reasonable care for his own safety, and that he had not been guilty of any negligence which contributed to cause the damage, and that the defendant knew the deceased was using said highway, or by the exercise of reasonable care, prudence and diligence should have known that the deceased was using said highway, and that the defendant failed to slacken the speed of his automobile or to apply the brakes of his automobile, and that such failure, if any, was negligence on the part of the defendant, and that such negligence on the part of the defendant, if any, was the proximate cause of the injury to the deceased, then you may find the defendant guilty."

8. "The court instructs the jury that negligence is defined to be the failure to use that degree of care, caution, prudence and diligence which an ordinarily prudent man would ordinarily use under like or similar circumstances, and in this case, if you believe from a preponderance of the evidence that the defendant failed at the time and place in question to use that degree of care, caution, prudence and diligence which an ordinarily prudent man would have used under the same or similar circumstances, then you are instructed that you may find the defendant was negligent."

9. "The court instructs the jury that if, from a preponderance of the evidence, you find that the defendant is

guilty of willful and wanton conduct, which was the proximate cause of the injury to the deceased, Frank O. Johnson, then the court further instructs you that negligence on the part of the plaintiff which might have contributed to the injury in question will not be a defense to such willful and wanton conduct of the defendant, if any."

The following instruction tendered by the plaintiff in error was refused: "If the jury believe from the evidence that the deceased and the defendant were both negligent and that the negligence of both contributed directly to cause the injury in this case, then the jury should find for the defendant," but was modified and given, adding at the end the following: "unless you further believe from the evidence that defendant was guilty of willful and wanton negligence which was the proximate cause of the injury."

The jury returned the following verdict: "We, the jury, find the defendant guilty and assess the plaintiff's damages against the said defendant at the sum of twenty-three hundred dollars ($2300)."

We have held that the "gist of the action" is "the cause for which an action will lie; the ground or foundation of a suit, without which it would not be maintainable; the essential ground or object of a suit and without which there is not a cause of action." (*First Nat. Bank of Flora* v. *Burkett,* 101 Ill. 391.) "The essential ground or principal subject matter, without which the action could not be maintained." (*Jernberg* v. *Mix,* 199 Ill. 254.) The first count of the declaration manifestly contained no charge that the injury was maliciously inflicted. The averment that the plaintiff in error so recklessly and improperly managed his automobile as to run into and strike the deceased is a charge of negligence, only, and not of malice, which is necessarily willful and acts from a purposeful disregard of the rights and safety of others. Whether the allegations of the second count that while the deceased was walking across Eleventh street there were no obstructions to prevent the plain-

tiff in error from seeing him as he was about to, and did, walk into and attempt to cross Eleventh street, and that he did see the deceased about to cross, or crossing, the highway, or could and should have seen him if he had watched the road as a careful and prudent man should have done, and that he willfully, wantonly and maliciously operated his automobile, and on account of such willful, wanton and malicious conduct struck the deceased so that he was thrown upon the pavement and sustained injuries from which he died, being in the alternative, amount to a charge of willful and wanton negligence, or whether malice was the gist of the cause of action set forth in that count, we do not decide, because the question of fact was not submitted to the jury. The instructions given at the request of the plaintiff practically withdrew from the jury the consideration of the second count by giving a peremptory instruction to find a verdict for the plaintiff on proof of the allegations of the first count.

The alleged error of the Appellate Court consists in its finding, contrary to that of the county court, that malice was of the gist of the action. The term "malice," as used in the Insolvent Debtors act, applies to that class of wrongs which are inflicted with an evil intent, design or purpose, implies that the guilty party was actuated by improper or dishonest motives, and requires intentional perpetration of an injury or wrong on another. (*First Nat. Bank of Flora* v. *Burkett, supra; Jernberg* v. *Mix, supra; Kitson* v. *Farwell, supra; Kellar, Ettinger & Fink* v. *Norton,* 228 Ill. 356.) Upon the hearing of the petition for discharge under the Insolvent Debtors act, if the declaration in the cause in which the judgment against the petitioner was rendered did not charge malice, evidence extrinsic to the record of that cause is not admissible to show that there was malice on the part of the petitioner in the original transaction on which the judgment was based. (*Kellar, Ettinger & Fink* v. *Norton, supra.*) If malice is not charged in the declara-

tion, necessarily it is not of the gist of the action. On the other hand, if the declaration consists of several counts, one or more stating a cause of action the gist of which is malice and one or more a cause of action of which malice is not the gist, and the verdict is general, not specifying the count or counts on which it is based, the record does not show whether the verdict is based on a count stating malice as the gist of the action. The presumption is that the verdict and judgment are based upon a cause of action of which malice is the gist and that the defendant cannot be released from imprisonment under a *capias ad satisfaciendum* under the Insolvent Debtors act.

In *Jernberg* v. *Mix, supra,* it was held that if it could not be determined from the face of the record whether malice was of the gist of an action because there were several counts in the declaration and malice was of the gist of some counts and not of others, the question under which count the verdict was rendered might be determined by evidence other than the face of the record. The real question there was on which side lay the burden of proof. In two counts malice was not of the gist of the action but in the third it was, and the judgment creditor claimed that there was no legitimate evidence on which count the verdict was returned and therefore he should be discharged. It was held, however, that "the former judgment was conclusive as to every matter properly and necessarily at issue in the action, and if it appeared from the pleadings that malice was of the gist of the entire action the doctrine of *res judicata* would apply. In such a case an inspection of the record would conclusively establish that the question of malice was settled in the former suit, and having been once determined the judgment would be an effectual bar to any further dispute of that question between the parties. Where, as in this case, there are several counts, and malice is the gist of some and not of others, the judgment is not conclusive that there was malice or that the party was actuated by improper or dis-

honest motives, because the verdict may have been returned upon a count which did not include that element. In such a case a petitioner for his discharge is not estopped by the judgment to show that malice was not the gist of the action against him but that the verdict and judgment were based upon a count where malice was not of the gist of the action. (*Kitson* v. *Farwell, supra.*) In this case there were issues on all the counts, and the general verdict that appellant was guilty was responsive to such issues and included a finding against him upon all of them. *Prima facie,* the record shows that malice was of the gist of the action, and appellant made no effort to prove that the verdict was returned under a particular count of which malice was not the gist. Appellant, being lawfully imprisoned, was required to bring himself within the provisions of the statute to entitle him to a discharge, and he failed to do so."

Instruction No. 2 was a peremptory direction to the jury to find the defendant guilty if they believed that he was guilty of negligence in driving and managing his automobile and on account of such negligence the plaintiff's intestate was injured and died from such injuries, and that the plaintiff's intestate, at the time and immediately prior thereto, had been in the exercise of reasonable care for his own safety. This instruction omitted any reference to malice and authorized the finding of a verdict of guilty against the defendant on proof of his failure to exercise ordinary care. Instruction No. 6 directed the jury that if they believed from the evidence the deceased was rightly using the highway and was in the exercise of reasonable care for his own safety and had not been guilty of any negligence which contributed to the injury, and that the defendant knew the deceased was using said highway or by the exercise of reasonable care, prudence and diligence should have known that the deceased was using the highway, and that the defendant failed to slacken the speed or apply the brakes of his automobile, and that such failure, if any, was negligence

on the part of the defendant which was the proximate cause of the injury, then the jury might find the defendant guilty. This instruction also disregards the question of malice and limits the consideration of the jury to the question of negligence. It does not require the jury, before they find the defendant guilty, to find that he knew the deceased was using the highway, but only that by the exercise of reasonable care, prudence and diligence he should have known that the deceased was using the highway. This authorizes a verdict for mere negligence, without any finding of malicious injury. Instruction No. 8 defined negligence to be the failure to use that degree of care, caution, prudence and diligence which an ordinarily prudent man would ordinarily use under like or similar circumstances, and directed the jury that if they believed from the evidence that the defendant failed to use that degree of care, caution, prudence and diligence which an ordinarily prudent man would have used under the same or similar circumstances, they might find the defendant was negligent. By instruction No. 9 the jury were told that if they found from the evidence that the defendant was guilty of willful and wanton conduct which was the proximate cause of the injury to the deceased, then that negligence on the part of the plaintiff which might have contributed to the injury in question would not be a defense to such willful and wanton conduct of the defendant. Instruction No. 20, which was tendered by the defendant, as follows, "If the jury believe from the evidence that the deceased and the defendant were both negligent and that the negligence of both contributed directly to cause the injury in this case, then the jury should find for the defendant," was refused but was modified and given to the jury with the following language added: "unless you further believe from the evidence that defendant was guilty of willful and wanton negligence which was the proximate cause of the injury." The terms "willful" and "wanton," as used in instructions 9 and 20, were not de-

fined in any manner to the jury but they were left to exercise their own discretion, without any information from the court as to what would constitute willful and wanton conduct or negligence and without any reference to malice or malicious conduct. Under these instructions the jury could do nothing else than find a general verdict of guilty, without any consideration of the question whether the evidence showed that the conduct of the plaintiff in error was willful, wanton or malicious.

The defendant in error states that the plaintiff in error in his abstract does not set forth all of the instructions tendered to the jury in the tort case, and consequently this court does not have before it sufficient of the instructions to determine whether or not the jury were properly instructed upon malice, and relies upon the rule of law that instructions are to be considered and construed as a series. Rule 14 of this court requires a party prosecuting an appeal or writ of error to furnish a complete abstract of the record sufficient to present fully every error relied upon, and it will be taken to be accurate and sufficient to a full understanding of the questions presented for decision unless the opposite party shall file a further abstract making necessary corrections or additions. The plaintiff in error complied with this rule. The defendant in error having failed to file an abstract making any corrections or additions considered necessary to a proper presentation of the case, the plaintiff in error's abstract will be taken to be sufficient for a full understanding of the questions presented for decision.

For the reason that the instructions of the court required the jury to render a verdict of guilty upon proof of mere negligence by the defendant, the judgment of the Appellate Court is reversed and the judgment of the county court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of county court affirmed.*