## In re WEGNER.

### ZDARZYNSKI v. WEGNER.
### No. 5838.

Circuit Court of Appeals, Seventh Circuit.
Feb. 24, 1937.

James Percival Pio and Harry A. Biossat, both of Chicago, Ill., for appellant.

Charles C. Cooley, of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

On September 10, 1935, appellee, Edward Wegner, filed in the District Court a voluntary petition in bankruptcy upon which he was adjudicated a bankrupt on September 16.

On May 25, 1935, appellant obtained a judgment against appellee in the sum of $30,000 in the Superior Court of Cook county, Ill. This judgment was obtained in a suit which charged in a declaration of several counts that appellant had been injured through the acts of appellee. The declaration originally contained but one count in which appellee was charged with having negligently operated his automobile in such a manner as to injure appellant. By leave of court there were afterwards filed five additional counts. At the conclusion of the trial additional counts 1, 2, and 4 were eliminated from the consideration of the jury by the instructions of the court. Of the additional counts thus eliminated, additional count 1 charged acts of general negligence on the part of appellee, additional count 2 charged appellee with willful and malicious conduct and with an intent to injure appellant, and additional count 4 also charged willful and malicious conduct on the part of appellee and with an intent to injure appellant. There were left for consideration of the jury, therefore, original count 1 and additional count 3, which charged appellee with acts of general negligence, and additional count 5, which charged him with operating his automobile upon a public highway in a wanton and reckless manner and with an utter disregard for the safety of others, including appellant, and under circumstances likely to cause great bodily injury to her. No interrogatories were submitted to the jury, but a general verdict was returned by it awarding the appellant damages in the sum of $30,000. Judgment was afterwards rendered upon the verdict. This judgment is the only unsecured general claim scheduled by the bankrupt.

The District Court entered an order on September 11, 1935, enjoining appellant from proceeding in the collection of such judgment until the further order of court. On September 25, appellant filed a motion to vacate and set aside such injunction order, which motion was referred by the court to its referee in bankruptcy. There was filed with the referee, on September 25, a petition by appellant to vacate and set aside the injunction issued on September 11, which petition alleged that the judgment, against the collection of which she was enjoined, was for damages sustained by the wanton and reckless acts of appellee, and was not dischargeable by bankruptcy. The referee filed a report with the court on November 5, in which he concluded that the judgment was dischargeable by bankruptcy, and he recommended, therefore, that the motion and petition of appellant to vacate and set aside the injunction be overruled and denied. On November 25, appellant filed exceptions to this report, which were overruled. The referee's report was approved, and the petition to vacate the injunction denied on March 2, 1936.

Section 17 of the Bankruptcy Act provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (first) are due as a tax levied by the United States, the State, county, district, or municipality in which he resides; (second) are liabilities for obtaining property by false pretenses or false representations, or for *willful* and *malicious injuries to the person or property* of another, or for. * * *" (Our italics.) 11 U.S.C.A. § 35.

The judgment in question is for "injuries to the person" of appellant, caused by the acts of appellee. The sole question presented is, therefore, whether or not such acts were done willfully and maliciously so as to preclude the judgment obtained therefor from being discharged by bankruptcy upon application of appellee. The District Court found that such judgment was dischargeable by bankruptcy and entered an order accordingly, from which order this appeal is being prosecuted.

Appellee, at the time in question, was driving an automobile upon a public highway, and additional count 5 of the declaration, and the one with which we are chiefly concerned, charges "it then and there became and was the duty of the defendant (appellee) to operate said automobile upon said public highway aforesaid in a careful manner, having regard for the safety of others, and for the safety of plaintiff (appellant). Yet the said defendant (appellee) notwithstanding his duty in that behalf, operated said automobile upon said public highway in a wanton and reckless manner and with an utter disregard for the safety of others and for the safety of the plaintiff (appellant) and under circumstances likely to cause great bodily injury to the plaintiff (appellant) whereby the said automobile then and there, at the time and place aforesaid, ran and struck with great force and violence upon and against the plaintiff (appellant) * * * ; and the plaintiff (appellant) was

then and thereby thrown with great force and violence to and upon the ground there and was thereby then and there greatly bruised, wounded. \* \* \*" It will be noted that the language used in this count of the declaration charges that the acts of appellee, of which complaint is made, were done in a "wanton and reckless manner and with an utter disregard for the safety of others \* \* \*." The language of the exception contained in section 17 of the Bankruptcy Act, supra, is "for *willful* and *malicious* injuries to the person \* \* \* of another." In determining the question presented, we must look to the language contained in this count of the declaration, the instruction of the court in submitting the case to the jury, the verdict of the jury, and the judgment of the court.

█ The language contained in additional count 5 of the declaration cannot be said to be sufficient to charge the commission of an intentional or willful act on the part of appellee. True, the acts of which complaint is made in this count need not be charged in the language of the exception contained in the act (Peters, Sheriff, v. United States, ex rel. Kelley, 177 F. 885 [C.C.A.7]), but such acts must be charged in language which clearly shows an intent on the part of appellee to injure others. The most that may be said is that the acts were done "wantonly and recklessly." This may be true in any ordinary tort action in which there is no contention that the acts were done with an intent to injure others, or, in other words, were done willfully and maliciously. The Supreme Court, in the case of Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 510, 48 L.Ed. 754, had occasion to construe the term "willful and malicious" as it is used in section 17 of the Bankruptcy Act, supra. In that case a rather broad construction was given that term. It must be remembered, however, that it was there dealing with the tort of criminal conversation, to the commission of which willful and malicious conduct might be universally imputed. The court used some rather pertinent language in the course of its opinion in that case when it said: "It is not necessary in the construction we give to the language of the exception in the statute to hold that every wilful act which is wrong implies malice. One who negligently drives through a crowded thoroughfare and negligently runs over an individu-

al would not, as we suppose, be within the exception. True, he drives negligently, and that is a wrongful act, but he does not intentionally drive over the individual. If he intentionally did drive over him, it would certainly be malicious. It might be conceded that the language of the exception could be so construed as to make the exception refer only to those injuries to person or property which were accompanied by particular malice, or, in other words, a malevolent purpose towards the injured person, and where the action could only be maintained upon proof of the existence of such malice." See In re Kubiniec (D.C.) 2 F.Supp. 632, in which the court said: "To constitute a willful injury, the act which produced it must have been intentional, or must have been done under such circumstances as to evince a reckless disregard for the safety of others, and a willingness to inflict the injury complained of." See, also, In re Wilson, 269 F. 845 (D.C.); In re Madigan, 254 F. 221 (D.C.); Fleshman v. Trolinger, 18 Tenn. App. 208, 74 S.W.(2d) 1069.

█ The verdict of the jury and the judgment of the court in the instant case are conclusive upon the question that appellee was guilty of negligent acts, and that such negligent acts were the proximate cause of the injuries sustained by appellant. While it may be true that under the law of Illinois, the state in which the injuries were sustained, a presumption exists that the acts were done "wantonly and recklessly," as charged in additional count 5 of the declaration (Buck v. Alex, 350 Ill. 167, 182 N.E. 794, 795; In re Petition of Blacklidge, 359 Ill. 482, 195 N.E. 3), yet that is insufficient to show that they were done willfully and maliciously, as required by the Bankruptcy Act, supra.

In discussing the meaning of the words "wanton" and "reckless," this court, in the case of Cleveland, C., C. & St. L. Ry. Co. v. Tartt, 64 F. 823, 825 (C.C.A.7) said: "The words \* \* \* 'reckless,' and 'wanton,' do not imply the same thing as 'willful' or 'intentional.' These terms have been used in some cases as though they might import something more than negligence and were the equivalent of willfulness. In the better considered cases, however, these terms have been held to mean less than willfulness, and nothing more than negligence. Negligence is negative in its nature, implying the omission of duty, and excludes the idea of willfulness. Will-

902

ful or intentional injury implies positive and aggressive conduct, and not the mere negligent omission of duty." The word "wanton" means "reckless," "heedless," "malicious" (Webster's International Dictionary). As defined by the Century Dictionary, it means "characterized by extreme recklessness," "foolhardiness," "malicious," "recklessly disregardful of the right or of consequences." "The word 'reckless' has a wide range of meaning. In its milder sense it may imply mere inattention to duty, thoughtlessness, indifference, carelessness, or negligence; or it may import a heedless disregard of obvious consequences. (Webst. Dict.) The word 'reckless' does not necessarily import that the act to which it refers is done intentionally or purposely. In charging that an act was done recklessly, no more is necessarily implied than such mere negligence, thoughtlessness, or inadvertence as could not be regarded as the equivalent of intentional wrong. Kansas City, M. & B. R. Co. v. Crocker, 11 So. 262, 269, 95 Ala. 412." 7 Words and Phrases, First Series, page 5999.

█ It will be remembered that the superior court, in its instructions to the jury, advised it to disregard additional counts 1, 2, and 4, thereby removing from its consideration the charges contained in those counts. It is highly significant that additional count 2 charged that appellee "willfully and maliciously and with intent to injure the plaintiff (appellant), so improperly, carelessly, negligently and maliciously operated and drove the said automobile that * * * the said automobile then and there ran and struck with great force and violence upon and against the plaintiff (appellant)," and that additional count 4 charged that appellee "willfully and maliciously drove his automobile while drunk and intoxicated." Had these counts been submitted to the jury and a finding of guilty been returned thereon, there can be no doubt but that a judgment rendered thereon would have come within the exception contained in the Bankruptcy Act, supra, and would not have been dischargeable by bankruptcy. The logical conclusion to be drawn from the fact that the court withdrew from the jury the consideration of these two counts is that it did not consider that the charge of willfulness and malice was supported by the evidence and it, therefore, withdrew from its consideration that question. It must necessarily follow that the judgment in question is not based upon "willful and malicious" acts of appellee,

and that the judgment does not fall within the exception contained in section 17 of the Bankruptcy Act, supra, and, therefore, is dischargeable by bankruptcy.

The order of the District Court is affirmed.