## Pete Bagaini, Appellee, v. Donk Brothers Coal & Coke Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed April 17, 1916.

### Statement of the Case.

Action by Pete Bagaini, plaintiff, against the Donk Brothers Coal & Coke Company, defendant, in the Circuit Court of St. Clair county, to recover for personal injuries sustained while working in defendant's mine near Maryville. From a judgment for plaintiff for $10,000, defendant appeals.

Plaintiff's amended declaration contained eight counts, the first alleging that on January 29, 1913, room 16, leading off of the second south entry of the eleventh west, in defendant's mine near Maryville, had been developed about seventy-five feet and contained a railway track on which cars were drawn by mules; that the defendant had permitted other debris to remain along each side of the track, so that the only passageway to

and from the face of coal in said room was between the rails of the track, and that the miners traveled between the rails to and from their work; that plaintiff was a miner in that room, his duty being to load coal into cars brought there by drivers, and to prepare and fire shots; that during the afternoon of that day, he loaded two cars and afterwards prepared certain shots in the face of the entry in said room; that defendant negligently permitted the cars to be and remain on the track and thereby obstructed such passageway, rendering it unsafe and dangerous, of which defendant well knew, or by the exercise of ordinary care should have known; that before leaving the room he lighted a fuse in one of said shots; that the said fuse flared and sputtered and extinguished his cap light and left him in total darkness, and that while endeavoring to leave the working place to avoid the explosion of said shot he came in contact with the cars and was thereby caused to fall down and against the debris, being thereby stupified, and, upon arising and endeavoring to find his way out of the room, on account of the darkness and the fall he received, he became confused and bewildered and approached near said shot, and the said shot exploded and injured him, etc.

The second count charged that defendant negligently allowed debris to remain along and near the track in the room so that miners were prevented from using the sides thereof, and thereby the debris rendered the passage out of the place by miners unsafe in that they were likely to come in contact with the debris and be delayed and injured and that plaintiff, after lighting the shot, attempted to escape and came in contact with the debris and afterwards became injured, etc.

The negligence charged in the third count consists in the unlawful failure and omission of the mine examiner of defendant to inspect the room, etc., where plaintiff was working.

The fourth count charged that defendant wilfully failed to keep one side of the haulage road clear of refuse other than timber for a distance of two and one-half feet from the rails in such haulage road for the free passage of men to and from their work.

The fifth count charged that defendant wilfully failed to maintain places of refuge in the room as required by statute.

The sixth count charged that defendant wilfully failed to maintain a cross-cut not more than fifty feet from the rib.

The eighth count charged that defendant ordered and directed plaintiff to fire certain shots in his room and that the mine examiner wilfully failed and omitted to instruct him concerning the handling of explosives. To the amended declaration defendant filed a plea of the general issue.

It appeared that at the time of his injury plaintiff was thirty-nine years old and had been working at coal mining for many years. He had been examined as provided by statute and held a miner's certificate. For some time prior to January 29, 1913, the date of his injury, plaintiff had been mining coal in rooms 15 and 16 off of the second south entry in the mine of defendant. In that mine the miners prepared and fired their own shots. At the time in question room 16 had been driven about seventy feet and was about thirty-two feet wide. The time for firing shots in that mine was from three to three-thirty p. m. On the day plaintiff was injured he had prepared two shots, both placed in the face of the coal, one at the center and the other near the right rib. There was a car track in the center of the room which came within eight or ten feet of the face of the coal, connecting with the track in the entry. About three to three-thirty p. m. on the afternoon of that day, plaintiff fired the two shots. Neither shot did its work, both blowing out the tamping and failing to bring down the coal. One of said shots

caused the injury, being the loss of the sight of both eyes.

The defendant introduced evidence tending to show that plaintiff was an experienced shot firer, while plaintiff testified that he had had some experience with reference to firing shots but did not know about some matters in connection with such work.

Plaintiff testified in effect that on the afternoon of the day in question he had loaded a car in room 16 and that, with the help of other miners, he rolled the car back from the face about thirty feet; that thereafter he lit the center shot and that while lighting the cross-cut shot the exposed powder in the split of the fuse made a long flame and extinguished his cap lamp which he held in his hand; that he then sought to strike matches that he carried in his pocket, but they were damp and would not light; that knowing he was in danger he felt his way to the center of the room, reached the track and proceeded rapidly eastward along the track and that, forgetting the car, he forcibly collided with it, his face striking the coal on the same. The result was that he was thrown backward, fell to the ground and struck his head against the gob; that upon arising to his feet he became so confused that he did not realize what he was doing or where he was going, and that in his confusion he came in front of the center shot which exploded just at that time and destroyed the sight of both of his eyes.

The evidence as to whether at the time of the accident there was a car in the room where plaintiff was working as alleged was conflicting, plaintiff being corroborated by one witness, while seven of defendant's witnesses contradicted plaintiff, some of whom had been in the room for the purpose of examining its condition on the same day when plaintiff was injured and shortly afterwards.

D. E. KEEFE and L. O. WHITNEL, for appellant.

CARL MONK and T. M. WEBB, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 189*—*when instructions in language of statute not improper.* In actions under the Miners' Act (J. & A. ¶ 7475 et seq.), instructions in the language of the statute are not improper though abstract in form, provided instructions are also given applying the law as stated in the instruction to the facts as found by the jury, since otherwise the abstract form of the instruction would be 'misleading.

2. MINES AND MINERALS, § 191*—*when instruction relative to refuge places improper.* In an action by a miner to recover for personal injuries as a result of defendant's alleged negligence in leaving cars standing in the room where plaintiff was firing shots when injured, thereby preventing plaintiff from escaping from the room in time to prevent injury from the explosion of the shots, it is error to give an instruction based on section 15b of the Miners' Act (J. & A. ¶ 7489) relative to refuge places on haulage roads, where it appears that the rib of the room was more than two and one-half feet from the rail of the track, since in such case, under paragraph "e" of the same section, the mine owner is not required to provide refuge places.

3. MINES AND MINERALS, § 187*—*when instruction as to requirements of statute for cross-cuts erroneous as not conformable to evidence.* In an action by a miner to recover for personal injuries, where a count of the declaration charges a failure to provide cross-cuts as required by section 14 of the Miners' Act (J. & A. ¶ 7488), it is error to give an instruction quoting the requirements of the statute as to cross-cuts in the first room opening off any entry, where the evidence shows that when injured plaintiff was working in the sixteenth room opening off such entry.

4. MINES AND MINERALS, § 187*—*when erroneous instruction not in conformity with evidence not cured by subsequent instruction.* In an action by a miner to recover for personal injuries sustained while working in the sixteenth room opening off an entry, where a count of the declaration charged a failure to provide cross-cuts as required by section 14 of the Miners' Act (J. & A. ¶ 7488), an erroneous instruction given for plaintiff as to the requirements of the statute as to the first room opening off the entry is not cured by a subsequent instruction given for defendant correctly stating the requirement of the statute as to cross-cuts from rooms

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bagaini v. Donk Brothers Coal & Coke Co., 199 Ill. App. 76.

situated as that in which plaintiff was working when injured, since the two instructions, taken together, would be misleading, and tend to confuse the jury, rather than enlighten them, as to the issues to be decided.

5. Mines and minerals, § 91*—*what is purpose of statute in relation to cross-cuts.* The provisions of the Mining Act (J. & A. ¶ 7475 *et seq.*) in relation to cross-cuts have reference more particularly to the health of miners than to their safety, the primary purpose of a cross-cut being to furnish ventilation, yet it cannot be said that the statute may not take the question of safety into consideration.

6. Mines and minerals, § 182*—*when question whether miner should be instructed as to handling of explosives for jury.* In an action under the Miners' Act (J. & A. ¶ 7475 *et seq.*), it is a question of fact for the jury whether an experienced miner holding a certificate as such under the provisions of the statute, but whose business is not that of an experienced shot firer as contemplated by the statute, should be instructed by the mine manager as to the handling of explosives and whether the failure so to instruct is negligence.

7. Pleadings, § 451*—*how question whether evidence tends to support declaration or count thereof raised.* In an action for negligence a motion made at the close of all the evidence to exclude the evidence and to instruct the jury to find defendant not guilty raises the question whether plaintiff's evidence tends to support his declaration or some count thereof.

8. Mines and minerals, § 148*—*when evidence sufficient to support counts in declaration for personal injuries.* In an action by a miner to recover for personal injuries sustained while firing shots in defendant's coal mine, where it was alleged that owing to defendant's negligence in leaving a car on the track in the room where plaintiff was working, plaintiff, whose cap lamp had been extinguished by the flame of one of the shots, was prevented from escaping from the room in season to prevent his being injured by the explosion of the second shot, plaintiff's evidence examined and *held* to tend to support certain counts in the declaration.

9. Trial, § 195*—*when motion to direct verdict for defendant properly refused.* In an action for negligence it is not error to refuse a motion to exclude the evidence and to find defendant not guilty where plaintiff's evidence tends to support some counts of the declaration.

10. Trial, § 211*—*when motion to instruct jury to disregard counts of declaration properly refused.* It is error to refuse a motion to instruct the jury to disregard certain counts of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bagaini v. Donk Brothers Coal & Coke Co., 199 Ill. App. 76.

declaration where the evidence does not show a right of recovery on such counts.

11. NEGLIGENCE, § 242*—*when refusal of instruction on proximate cause erroneous.* In an action to recover for personal injuries alleged to have been sustained as a result of defendant's negligence, it is error to refuse an instruction to find defendant not guilty if the jury found that defendant's negligence was not the sole proximate cause of plaintiff's injury.

12. INSTRUCTIONS, § 4*—*when court should give instruction defining proximate cause.* In an action to recover for personal injuries alleged to have been sustained as a result of defendant's negligence, where an instruction is given to find defendant not guilty if the jury find that his negligence was not the sole proximate cause of plaintiff's injury, an instruction defining "proximate cause" should be given· in connection with the first instruction where none is tendered by either party.

13. INSTRUCTIONS, § 137*—*when inapplicable instructions properly refused.* It is not error to refuse instructions which do not state correct principles of law or are not applicable to the facts in the case.

14. APPEAL AND ERROR, § 1410*—*when verdict set aside because of insufficiency of evidence.* While the Appellate Court should not disturb a verdict unless such verdict is against the manifest weight of the evidence, yet where other errors intervene which may have affected the verdict the court should much more readily set the verdict aside and remand the cause for another trial.

15. DAMAGES, § 141*—*when verdict for personal injuries not excessive.* In an action by a miner to recover for personal injuries, where as a result of the accident plaintiff lost the sight of both eyes, and where at the time of the accident plaintiff was thirty-nine years old, a time of life which made it hard for him to take up a new line of employment, a verdict for plaintiff for $10,000 *held* not so excessive as to require a reversal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.