(No. 12982.—Judgment affirmed.)
THE PUBLIC SERVICE COMPANY OF NORTHERN ILLINOIS,
Appellee, *vs.* ALBERT J. MARTIN *et al.* Appellants.

*Opinion filed February 18, 1920.*

This case is controlled by the decision in *Public Service Co.* v.
*Recktenwald,* 290 Ill. 314.

APPEAL from the County Court of Lake county; the
Hon. PERRY L. PERSONS, Judge, presiding.

E. V. ORVIS, (C. T. HEYDECKER, of counsel,) for appellants.

ISHAM, LINCOLN & BEALE, (WILLIAM A. MORROW, and
CYRUS H. ADAMS, JR., of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The Public Service Company of Northern Illinois, appellee, filed a petition in the county court of Lake county
to condemn certain lands required for the extension of its
transmission line. Appellants, with others, as owners of
certain tracts of land described in the petition and sought
to be condemned, were made defendants. All of the defendants, including appellants, filed joint and several motions to dismiss the petition, limiting their appearance for
that special purpose. These motions were denied. All of
the defendants, including appellants, then entered their general appearance and filed cross-petitions alleging damages
to lands not taken. On trials had, judgments of condemnation and fixing compensation for lands taken were rendered
against all of said defendants. Appellants have prosecuted
this separate appeal from the judgment rendered against
them.

The grounds relied upon for a reversal of the judgment
by appellants are that appellee had no right to exercise the

right of eminent domain, and that sections 50 and 59 of the act providing for the regulation of public utilities are void because in contravention of section 13 of article 4 of the constitution. The same questions were raised by the appeal and assignments of error in *Public Service Co.* v. *Recktenwald*, 290 Ill. 314, and the briefs and arguments in that case are identical with the briefs and arguments in this case. The decision in that case is decisive of the questions raised in this case, and for the reasons therein given the judgment of the county court in this case is affirmed.

<em>Judgment affirmed.</em>

---

(No. 12761.—Judgment affirmed.)

THE WALLDREN EXPRESS AND VAN COMPANY, Plaintiff in Error, *vs.* FRED KRUG, Defendant in Error.

*Opinion filed February 18, 1920.*

1. NEGLIGENCE—*on motion to direct a verdict, evidence for opposite party must be taken as true.* On a motion to direct a verdict the most favorable evidence for the party against whom the motion is made must be accepted as true and must be given the most favorable interpretation which it will bear.

2. SAME—*when same degree of care is required of a minor as of an adult.* The same degree of care to protect himself from injury by the traffic in a public street is required of a minor as of an adult where the minor is old enough to know the character of the traffic in the street in question and the danger from automobiles and other vehicles.

3. SAME—*when ordinance to prevent playing in public streets will not be considered on question of contributory negligence.* If the declaration alleges that the defendant wantonly and recklessly ran its automobile into the plaintiff, who was playing ball in a public street, the question whether an ordinance of the city prohibited such a game will not be considered on the issue of contributory negligence, where there is evidence requiring the submission to the jury of the question of wanton negligence by the defendant.

4. SAME—*when contributory negligence of plaintiff is not material.* If the facts shown by the evidence establish the truth of the