## George Gauss, Appellant, v. William Wolter, Appellee.

### Gen. No. 28,676.

1. HIGHWAYS—*duty of vehicular user to avoid injury to trespasser on vehicle.* If one who was injured while riding in an auto-truck was a trespasser the owner of the truck owed him no duty except not to wilfully injure him.

2. HIGHWAYS—*sufficiency of declaration to charge wilful negligence by motor truck operator against occupant of truck.* A declaration in an action for damages for injuries received by plaintiff while he was riding in the truck of one of the defendants when it collided with the other defendant's truck which failed to state whether plaintiff was in the truck by permission or as a trespasser but alleged that the driver of the truck in which he was riding failed to exercise due care for plaintiff's safety, such failure consisting in wilfully, wantonly and negligently operating the truck, and that plaintiff was injured as a consequence, and that plaintiff was at all times in the exercise of due care and caution for his own safety, stated a cause of action based on wilful negligence.

3. HIGHWAYS—*sufficiency of evidence of wilful negligence by operator of motor truck to go to jury.* In an action for injuries received in a collision between a truck in which plaintiff was riding and another truck, testimony that defendant at the time of the collision was driving the truck on a city street at the rate of 25 or 30 miles an hour was sufficient to justify submission of defendant's liability to the jury on the theory of wilful negligence.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. FRED G. WOLFE, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Reversed and remanded. Opinion filed June 25, 1924.

HARRY D. KNIGHT, for appellant.

LANNEN & HICKEY, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On December 23, 1920, the plaintiff, George Gauss, brought suit in the circuit court against the defendant, William Wolter, and one Ralph Vaciciatis for

damages for injuries received as the result of an automobile collision.

On January 25, 1921, the plaintiff filed his declaration consisting of three counts, and on February 18, 1921, the defendant Wolter filed a plea of the general issue.

On March 7, 1923, a motion was made on behalf of the plaintiff to file an amended declaration, which motion was overruled and denied. What the contemplated amendment was is not shown.

On March 9, 1923, on motion of the plaintiff, the cause was dismissed as to the defendant Vaciciatis.

There was a trial before the court with a jury, and at the close of the plaintiff's evidence, and on motion for the defendant, the court instructed the jury to find the defendant Wolter not guilty. From a judgment on a verdict for the defendant this appeal was taken by the plaintiff.

Two questions arise. Does the declaration state a cause of action, and if it does, should the trial judge have submitted the evidence to the jury? The declaration contains three counts. The first recites that on August 9, 1920, the plaintiff was riding in a certain auto-truck in the control and possession of and operated by the defendant, William Wolter, east along 35th Street, towards Wallace Street, a north and south street, both being public highways in Chicago; that Vaciciatis (who was originally made a defendant and then dismissed out of the case) was in control and possession of and operating a certain other automobile in a southerly direction along Wallace Street at 35th Street; "that it was the duty of the defendants to exercise due care for the safety of the plaintiff and others who were lawfully upon said street; and in this the defendants wholly failed, in that they wilfully, wantonly and negligently operated both of said motor vehicles so that they ran together, by reason of which the plaintiff was injured; that the plaintiff was * * * in the exercise of due care

and caution for his own safety; that by and through the wilfulness, wantonness and negligence of the defendants  *  *  *  the plaintiff was greatly injured.'' It then recites the nature of the injuries suffered.

The second count was predicated on a violation of the state statute as to speed on highways in residence portions of incorporated cities.

The third count, after alleging that the plaintiff was riding in an auto-truck in control of Wolter at the intersection of 35th and Wallace Streets, and that Vaciciatis was in control and possession of another motor vehicle and operating it at the intersection of Wallace and 35th Streets, recites: ''that it was the duty of the defendants to exercise due care and caution for the safety of the plaintiff and others who were lawfully upon said street; that in this they both wholly failed, and that they negligently and carelessly failed to have their said motor vehicles under sufficient and proper control; that by reason of their failure in that respect, they were unable to properly operate the same, by reason of which the same ran together and collided, and the plaintiff was greatly, injured; that the plaintiff was  *  *  *  in the exercise of due care and caution for his own safety; that by and through the negligence and carelessness of the defendants, as aforesaid, the plaintiff was greatly injured.''

It will be seen, therefore, that the declaration contains no allegations going to show or suggests in anyway whether the plaintiff was in the auto-truck by the permission or even with the knowledge of the defendant; and so it may be that the plaintiff was a trespasser, and if he were, the defendant ''did not owe him any duty except not to wilfully injure him.'' *Marcovitz v. Hergenrether*, 302 Ill. 162.

The first count of the declaration is not very well drawn, but, nevertheless, contains a recital of sufficient ultimate facts constituting a cause of action based on wilful negligence. It sets forth that the

plaintiff was riding in an auto-truck controlled and operated by Wolter, and that it was the duty .of Wolter to exercise due care for the safety of the plaintiff, but that Wolter failed, and that his failure consisted in wilfully, wantonly and negligently operating the auto-truck; and that the plaintiff was injured as a consequence. It, also, states that the plaintiff was all the time in the exercise of due care and caution for his own safety, and that through the negligence of the defendant he was injured.

Being of the opinion that the declaration did state a cause of action based on the charge of wilful negligence, the question, then, arises whether there was, considered as a matter of law, sufficient evidence of wilful negligence to justify the trial judge in submitting it to a jury.

Of course, it is impossible to define what constitutes wilful negligence. In *Walldren Express Co. v. Krug,* 291 Ill. 472, the Supreme Court discussed the word wilful, and quoted with approval from *Lake Shore & Michigan Southern Ry. Co. v. Bodemer,* 139 Ill. 596, as follows: "What is meant by 'such gross negligence as evidences wilfulness?' It is 'such a gross want of care and regard for the rights of others as to justify the presumption of wilfulness or wantonness.' * * * 2 Thompson on Negligence 1264, sec. 52."

The evidence showed substantially the following: The defendant Wolter at the time in question, August 9, 1920, was a painting contractor and was engaged in doing some work on a building at 37th and Halsted Streets in Chicago. The plaintiff was a man 27 years of age, and, on the day in question, was in the employment of Wolter as a painter. When the day's work was finished, the plaintiff and another painter, who was also employed by the defendant Wolter, got into Wolter's Ford convertible truck and sat, facing toward the back. Two carpenters who had been working on the job, but who were not employed by Wolter,

also, got into the machine. Wolter then drove north on Halsted Street, turned east on 35th Street, and then drove four blocks east to the intersection of 35th and Wallace Streets. In that intersection his car collided with another which was going south on Wallace Street. The other car was owned by Vaciciatis, a saloonkeeper. Vaciciatis was originally a codefendant with Wolter, but was dismissed out of the case and did not appear at the trial either as a party or as a witness. Three persons, Vanagas, Petrila and Balsavich, were riding at the time in the car driven by Vaciciatis.

The plaintiff testified that when they drove north on Halsted Street, and into 35th Street, they were going about twenty miles an hour, and when turning the corner his body swayed toward the north and the man sitting in the middle of the board put his arms "around us," holding the two of us sitting on the ends; that as Wolter turned the corner he, the plaintiff, "yelled to slow down, to cut out the speed"; that when approaching Wallace Street, driving in 35th Street, the auto-truck was going at the rate of thirty miles an hour, that he knew nothing after the collision, as he became unconscious and remained so for four days thereafter. The evidence shows that he was very seriously injured. Dr. Gary, who examined him at the hospital on the day the plaintiff was injured, stated that he found a mark over the right eye, around the right side of the head back of the ear, around the right jaw, and on the left side; and some other skin lesions and bruises over different parts of his body, and that he found the patient in a state of mental confusion, and that there was a fracture of the right jaw. There was offered in evidence on behalf of the defendant, apparently by his counsel, at the close of the testimony of the plaintiff, a paper dated August 23, 1920, and signed by the plaintiff, which purported to be a statement by him, and in which it was recited that as the auto-truck

approached Wallace Street it was going at a very slow speed; that the defendant had the right of way; that in his, the plaintiff's, opinion "the auto coming south on Wallace Street was entirely to blame for the accident." The plaintiff testified that that was a statement of the accident as it was told to him by the defendant, and that it was written by Mr. Hickey, one of the attorneys for the defendant.

The evidence of one Balsavich, who was riding in the auto-truck of Vaciciatis, the one which collided with the defendant's auto-truck, is to the effect that the plaintiff was going "fast, around thirty miles an hour", when he first saw it and at the time of the collision.

The evidence of one Berry is to the effect that he rode in the rear of the defendant's auto-truck, sitting on a board with three other men; that when the defendant drove the auto-truck on Halsted Street east into 35th Street it was going about fifteen miles an hour; that when it turned, he heard the plaintiff say to the defendant, "Take it a little bit easy;" that in the block west of Wallace Street and into the intersection, the auto-truck was going about twenty-five miles an hour, and that he heard no warning of any kind given. Berry, also, was injured in the same collision.

From the foregoing, we think it is quite obvious that the evidence for the plaintiff should have been submitted to the jury for its determination as to whether or not the defendant was guilty of wilful negligence. The testimony of the plaintiff and Balsavich was that the defendant was driving at the rate of thirty miles an hour at the time of the collision, and that of Berry, that when the auto-truck ran into the intersection it was going at the rate of twenty-five miles an hour; there being no evidence to the contrary, that was sufficient to justify its submission to a jury.

The law as to the quantity and quality of evidence

necessary, is elaborately stated in *Libby, McNeill & Libby v. Cook,* 222 Ill. 206.    The pertinent part of that opinion is as follows:

"if there is no evidence, or but a scintilla of evidence, tending to prove the material averments of the declaration, the jury should be directed to return a verdict for the defendant.  If, however, there is in the record any evidence from which, if it stood alone, the jury could, 'without acting unreasonably in the eye of the law,' find that all the material averments of the declaration had been proven, then the cause should be submitted to the jury.  *  *  *  When a motion for a peremptory instruction is made by the defendant, if the court is of the opinion that in case a verdict is returned for the plaintiff it must be set aside for want of any evidence in the record to sustain it, a verdict should be directed.  If the court is of the opinion that there is evidence in the record which, standing alone, is sufficient to sustain such a verdict, but that such a verdict, if returned, must be set aside because against the manifest weight of all the evidence, then the motion should be denied.  *  *  *  To hold otherwise is to deny to plaintiff the right of trial by jury."

Following the reasoning and rule of that case, we are of the opinion that the trial judge erred when, at the close of the plaintiff's evidence, he directed the jury to find the defendant not guilty.

The judgment, therefore, will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

O'CONNOR, P. J. and THOMSON, J. concur.