(No. 25119.—

ALICE H. GREENE, Admx., Appellee, *vs.* PAUL C. NOONAN *et al.* Appellants.

*Opinion filed October 10, 1939—Rehearing denied Dec. 6, 1939.*

JOHN A. BLOOMINGSTON, for appellants.

LEDERER, LIVINGSTON, KAHN, ADLER & ADSIT, (HARRY H. KAHN, and SIGMUND LIVINGSTON, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here, leave to appeal being granted, for review of the judgment of the Appellate Court for the First District, affirming a judgment of the circuit court of Cook county in an action for personal injuries arising out of an automobile collision occurring about 10:00 o'clock on the evening of March 5, 1935, at an intersection in a closely built-up section of the city of Chicago.

Suit was instituted by appellee Alice H. Greene, individually, because of injuries she received, and as administratrix of the estate of her husband Earle D. Greene, who was killed in the accident. The appellants are Paul C. Noonan, the operator of the car, and Joseph Duffy, his employer. Duffy was not present at the time of the accident. The complaint alleged general negligence in the driving of the car and also that Noonan maliciously and wantonly drove it at a high and dangerous rate of speed. The defense was a denial of malice and wantonness and of negligence. Defendants' claim is that Noonan had the right-of-way at the intersection, as he was approaching from the right of the car in which the plaintiff and her intestate were riding, and that the latter had no headlights burning.

Questions of fact involved in the case have been settled by the Appellate Court. Both the trial court and the Appellate Court found there was no evidence of wanton or malicious conduct on the part of defendant Noonan. The plaintiff secured a judgment for damages to herself individually in the sum of $1000, and for the death of her husband the sum of $10,000. At the close of all the evidence

appellants moved for an instruction directing the jury to find defendants not guilty on the wilful and wanton charges in the declaration and withdrawing such charges from the consideration of the jury. This motion was denied. The case was submitted to the jury with the wilful and wanton charges in the declaration, though, as we have said, no evidence to support such charges was offered and no instruction was offered by the plaintiff on the wilful and wanton charges or on punitive damages, instructions as to damages offered by plaintiff being only for compensatory damages.

On defendants' motion for new trial on the ground of the court's denial of defendants' motion to withdraw the wilful and wanton charges, the trial court held, and its holding was affirmed by the Appellate Court, that a general verdict having been rendered by the jury, and no special interrogatories having been presented, the verdict was not to be considered as based upon the charges of wilful and wanton conduct. It is apparent from examination of the briefs in this case that there is some confusion in the Appellate Court decisions on this question.

Counsel for appellants contend that it was error, requiring reversal, to submit the cause on the wilful and wanton count when a motion had been made to instruct the jury to find defendants not guilty of such conduct, and this is so even though no instructions on such charges were offered by plaintiff. They say this is so because (1) the ruling removed from defendants' case the defense of contributory negligence, and, (2) the count having remained in the declaration the defendants were required to offer instructions on it, and so the charges were, in fact, before the jury. Counsel for appellee say that defendants cannot receive any support in this argument from that fact for they offered instructions on the wilful and wanton charge; that they were not forced to offer such instructions but did it voluntarily and are bound by their own acts in keeping the wilful and wanton charge before the jury. Counsel cite *Lindquist*

v. *Friedman's Inc.* 366 Ill. 232, which holds that where a litigant seeks a ruling of the court he cannot thereafter complain that the court had no power to make such a ruling. That case does not control the situation here. Appellants had sought to have removed the wilful and wanton charges. The court had denied their motion. Prudence dictated that they offer the instructions and such fact can in nowise estop their complaint now.

Counsel for appellants argue that the nature of such a charge has a tendency to prejudice the jury, and since it is impossible to tell what influence those charges exerted on the jury, the judgment should not be allowed to stand. Appellee's counsel say that appellee, as plaintiff, in the trial of the cause, offered instructions which were given, in which the jury were told that it was incumbent upon the plaintiff to show want of contributory negligence, and this being so, the defendant did not lose the benefit of the defense of contributory negligence.

The first question to determine is whether the trial court committed prejudicial error in refusing to withdraw the charge of wilful and wanton conduct from the consideration of the jury by instructing them to find defendants not guilty on such charge. It is conceded there was no evidence to support such a charge. The rule, often announced, is that the question whether an injury is the result of wilful and wanton conduct is one of fact to be determined from the evidence, yet, where there is no evidence tending to support such charge, there is no question of fact to submit to a jury and a motion to direct a verdict on those counts presents a question of law for the court. (*Brown* v. *Illinois Terminal Co.* 319 Ill. 326.) It is incumbent upon the defendant to move the court to instruct the jury to find him not guilty as to the charge of wilful and wanton conduct. This was done. Counsel for appellee say that the court was in nowise bound to give consideration to such motion because, first, such motion was not in writing, and, second,

there was not tendered with it a form of instruction to the jury. Such is the proper practice as this court has announced. (*Pittman* v. *Chicago and Eastern Illinois Railroad Co.* 231 Ill. 581.) We are unable to say from the record whether the motion for peremptory instruction was in writing or oral. Counsel for the defendants assert that it was in writing. The record does show such motion was made. It presented a question of law which the court was required to pass upon and which it did decide by denying the motion.

Counsel for the appellee say that even though the court erred in refusing to instruct as to the wilful and wanton charge, the rule in this State is that if there is one good count in a declaration it is enough to sustain a verdict and judgment, and that this applies to cases where the declaration contains counts that are not supported by evidence. However, there is also a rule in this State, pertaining to wilful and wanton counts in a declaration, which is controlling in the situation here. That rule is that where the declaration consists of several counts, one or more of which state a cause of action the gist of which is malice, with others based upon negligence only, and the verdict is general, without specifying the count on which it is based, the presumption is that the verdict is based upon a cause of action of which malice is the gist. (*Buck* v. *Alex,* 350 Ill. 167; *Jernberg* v. *Mix,* 199 id. 254.) And so here, the count upon which, under this presumption, the verdict is based, is the count or charge having no evidence to support it. Counsel for appellee say, however, that since the amendment in 1935 to the Judgments act, requiring that no execution shall issue against the body of the defendant, except when it shall appear from a special finding of the jury, or from a special finding of the court, that malice is the gist of the action, the rule with reference to presumption, just cited, does not obtain. This amendment to the Judgments act has nothing to do with a presumption as to

how the jury arrived at its verdict. In the first place, it has nothing to do with procedural matters but affects only the remedy. In the second place, it presupposes that the finding of the jury was on a charge of malice.

In *Smithers* v. *Henriquez,* 368 Ill. 588, where charges of negligence and wilful and wanton conduct appeared in the declaration, it was held that it was not error to deny a motion in arrest of judgment urged because of want of any evidence to support the wilful and wanton count. This court cites provisions of the Civil Practice act which authorize a court, on demand of either party, where complaint is based on different demands, to direct the jury to find a separate verdict upon each. In that case the defendant filed only a general motion for a directed verdict, and it was pointed out that he could have availed himself of the provisions of the statute by demanding a separate verdict on the different counts, or could have moved for withdrawal of the wilful and wanton count, and by failing to do either he was not in a position to complain. A further reason is given for the holding that a motion in arrest of judgment, as it is based on the record proper, does not authorize the court to look into the evidence on such a motion. That case does not meet the point here raised, since here the defendant moved to withdraw the wilful and wanton charges and moved for a new trial on the ground of the failure of the court to withdraw such charges.

Counsel for appellee also argue that in this case though such presumption prevails, the defendants are not harmed because there being no special interrogatories or special findings, the judgment is as any other judgment in tort. Damages awarded for wilful and wanton conduct arise out of a different consideration from those for negligence merely which may be nothing more than want of due care. In this case the verdict for the death of plaintiff's intestate was for the full amount allowed by law. It is argued that by reason of his age, family responsibility and income, it was

not an excessive verdict, but it is not a question here whether the verdict was excessive, but whether it indicates that the jury, because of the existence of the wilful and wanton charge, was in any way influenced to give the limit permitted by law. A defendant in a case of this character, facing a charge of wilful and wanton conduct, is placed at a serious disadvantage as compared with one charged merely with negligence, and where there is no evidence to support such charge, it is the court's duty, on motion, to withdraw such charge from the jury, and failure so to do is, by reason of the character of the charge, error requiring reversal of the judgment, for no one may know what influence the charge, though not proved, may have had upon the jury, particularly since it has not been informed that it was not to be considered by it. The distinction in law between wilful and wanton conduct and mere negligence is not a matter with which the average juror is familiar. We are of the opinion that the refusal to withdraw from the jury, on appellants' motion, the consideration of the wilful and wanton charges, requires a retrial of the cause.

Certain errors as to instructions have been urged. The trial court, on behalf of the plaintiff, instructed the jury as to the statute relating to right-of-way, that while the statute gives the right-of-way to vehicles approaching intersecting highways from the right over those approaching from the left, "it does not contemplate or intend to confer that right regardless of the distance approaching cars may be from the point of intersection. It does not contemplate that the right-of-way may be invoked by the car approaching from the right when such car is so far from the intersection at the time the car from the left enters upon such intersection, with both cars running within the statutory limit of speed, that the car approaching from the left will reach the intersection before the car approaching from the right reaches the intersection." The statute as to right-of-way is clear. This instruction was confusing and not ap-

plicable to the admitted facts, but leaves much to be determined as to the applicability of the act to a given state of facts. The admitted facts here are that defendant Noonan was traveling south on the west side of Springfield avenue, while the car in which plaintiff and plaintiff's intestate were riding was being driven west on the north side of Gladys avenue; that the latter reached Springfield avenue and crossed the mid-section line of that street and was struck by defendants' car at the northwest corner of the intersection shortly after defendants' car entered the intersection. Facts which the Appellate Court found proved, are, also, that defendant Noonan was traveling about twelve miles per hour and that there was no light at the intersection and the night was dark. It was a disputed question whether the lights of both cars were lighted. These facts are sufficient to show that the instruction as given has no application here, even though it had correctly stated the law. Counsel for appellee say, however, that though the instruction is to be considered ambiguous, a correct instruction was given by the defendant as to the law of right-of-way, and that as the instructions are to be viewed as a whole, no prejudice occurred to the defendant through this instruction. While the rule is, as counsel for appellee argues, that the instructions will be viewed as a whole, yet, where instructions on an important feature in a case are inconsistent, so that the jury is unable to determine which is the law, error arises in giving the erroneous instruction.

Other errors argued in the briefs are not apt to occur on retrial. For the reasons given, the judgment is reversed and the cause is remanded to the circuit court for a new trial.

*Reversed and remanded.*