John Reell, for use of Charles Haskin, Appellant, v. Central Illinois Electric and Gas Company, Appellee.

Gen. No. 9,827.

filed December 22, 1942.

WILBUR E. JOHNSON, of Rockford, for appellant.

JOHN E. GOEMBEL and WALKER F. HULL, both of Rockford, for appellee; ROBERT E. NASH, of Rockford, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

This is a garnishment proceeding, here on appeal from a judgment of the circuit court of Winnebago county. The suit grows out of an antecedent judgment for $2,500 in favor of Charles Haskin against John Reell, on account of personal injuries to the plaintiff when struck by an automobile driven by the defendant. The garnishee answered that it had $55.60 on hand belonging to Reell as wages. The interplea of the nominal plaintiff, Reell, set up his discharge in bankruptcy subsequent to the entry of the judgment in the personal injury suit. On a trial by the court without a jury, the court held that the judgment was discharged by the bankruptcy proceeding, entered judgment in favor of the defendant, and Haskin has appealed.

Appellant claims that his judgment against Reell in the personal injury suit was predicated upon wilful, wanton and malicious conduct of the defendant, and that, therefore, under the terms of section 17 of the Bankruptcy Act (3 Fed. Code, Anno. 182; sec. 35, Title 11, p. 150, U. S. C. A.) Reell was not released by the bankruptcy proceeding from the debt and obligation of the judgment. Appellee takes the position that the judgment was not so predicated, and that Reell was discharged therefrom by the proceeding in bankruptcy.

The complaint in the personal injury suit consisted of three counts. The first paragraph of the first count charged that on March 23, 1940, the defendant was possessed of a certain automobile which he was then and there operating and driving in a northerly direction upon and along a public highway in Winnebago county, north of the city of Rockford, and commonly known as North Second street and also as U. S. Highway No. 51, in the unincorporated suburban area known as Loves Park, at about the place where North Second street intersects with Pearl avenue; and that the plaintiff was then and there on foot and rightfully upon said highway in the performance of his duty as a deputy sheriff of the county, directing traffic. The second paragraph of the count charged general negligence of the defendant in the management and operation of his automobile. The second count charged unreasonable, high, excessive and illegal speed of the automobile.

The third count adopted the first paragraph of the first count and charged: "That it was then and there the duty of the defendant to exercise reasonable care and caution in and about the management and operation of said automobile, so as to not cause injury to persons lawfully using the highway. Yet, the defendant, not regarding his duty in that behalf, on to-wit: the date aforesaid, recklessly, wilfully and wantonly operated and drove said automobile upon and along

said highway in a northerly direction, as to cause the same to strike upon and against the plaintiff, who was then and there at, and before the time of the collision herein referred to, exercising all due and reasonable care for his own safety, and then and there directing traffic on said highway in said Loves Park, and by reason of the wilful and wanton conduct of said defendant, plaintiff was knocked down to the ground and struck by the automobile driven by said defendant.''

At the close of the testimony for the plaintiff, the court overruled the defendant's motion for a directed verdict on all the counts, and his separate motion for a directed verdict on the third count. At the close of all the testimony, ruling on like motions was reserved. No special interrogatories on the subject of wilful and wanton conduct were submitted, and there was no special finding of the court or the jury on the question. There was no reference thereto in the judgment, and the verdict and the judgment are general in their nature.

Counsel for appellee contend that the third count is not a wilful and wanton count, but is only an ordinary negligence count and call attention to the fact that it alleged the duty of the defendant and the due care of the plaintiff, and failed to charge that the defendant operated his automobile in such a manner as to have caused the injury complained of at a time when the plaintiff was clearly visible to the defendant, or at a time when the defendant by the exercise of ordinary care and caution, could have seen and observed the presence of the plaintiff.

No case is cited which upholds this contention. On the contrary, it is well settled that an intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness, such

as charges the person whose duty it was to exercise care with the consequences of a wilful injury. (*Jeneary v. Chicago & Interurban Traction Co.,* 306 Ill. 392–398; *Walldren Express & Van Co. v. Krug,* 291 Ill. 471–477.) Thus, the duty of a defendant to exercise care for the safety of others is an element in a charge of wilful and wanton conduct, and is properly included in such a count.

It is also the law in this State that in an action for damages on account of injuries resulting from an alleged wilful violation of a statutory duty, the question of contributory negligence is not a defense and is not involved in the case, and that pleading due care of the plaintiff does not require proof thereof, but is mere surplusage. (*Von Boeckmann v. Corn Products Refining Co.,* 274 Ill. 605–612; *Carterville Coal Co. v. Abbott,* 181 Ill. 495–504.) By analogy, the pleading of due care of the plaintiff in a count otherwise sufficient as a wilful and wanton count, is also mere surplusage. Being so, it does not change the character of the count into a mere negligence count.

Nor do we regard the failure to allege that plaintiff was clearly visible to the defendant, or that the defendant, by the exercise of ordinary care and caution could have seen and observed the presence of the plaintiff, change the character of this count. While such an allegation would be proper if warranted by the facts, and such a condition would be a matter of competent proof, yet, to say that to constitute wilful and wanton conduct, the person or object struck must be visible to the party charged, or that by the exercise of ordinary care and caution he could have seen such person or object, would eliminate occurrences in the dark, or where the view was obstructed, such as by intervening objects, or at blind corners, and the like, although the conduct of the defendant might be such as to exhibit a conscious indifference to the consequences, which is sufficient to constitute wilful and wanton conduct.

*(Walldren Express & Van Co. v. Krug, supra; Jeneary v. Chicago & Interurban Traction Co., supra.)*

The case at bar is distinguishable from *Harris v. Piggly Wiggly Stores,* 236 Ill. App. 392, relied upon by appellee. In that case, the plaintiff, a pedestrian, was struck by the defendant's truck at a street intersection in the city of Chicago. The counts in controversy did not charge the wilful disregard of a known duty, as the third count in this case does; nor that the defendant wilfully and wantonly drove the truck against the plaintiff, but merely charged that the defendant, by its servant, so wantonly and wilfully drove the truck northward in Wabash avenue across the intersecting street, that by means of the premises the plaintiff was struck and injured. In that case the wilfulness and wantonness charged was limited to the driving of the truck. In the case at bar the charge is that the defendant wilfully and wantonly drove his car so as to cause the same to strike the plaintiff. Thus, the wilfulness and wantonness charged is connected, not only to the driving of the car, but directly to the striking and injury of the plaintiff. *Burns v. Chicago & Alton R. Co.,* 229 Ill. App. 170 is distinguishable on the same ground. A count somewhat similar to the third count in this case was upheld as a wilful and wanton count in *Gauss v. Wolter,* 233 Ill. App. 353. None of the contentions of appellee, either singly or collectively, tend to show that the third count is a mere negligence count. The facts alleged are clearly sufficient to constitute it a wilful and wanton count.

Under section 17 of the Bankruptcy Act above mentioned, a discharge in bankruptcy releases the bankrupt from all his provable debts, except, among others, "liabilities for wilful and malicious injuries to the person or property of another." The court in *In re Greene,* 87 F. (2d) 951, after citing numerous cases and authorities said: "Applying to the term 'wilful and wanton' the meaning given by our courts and the

meaning. of the words themselves constituting such term, it seems that an act done 'wilfully and wantonly' is included in the bankruptcy statute, supra, and any judgment obtained because of such act is not dischargeable by bankruptcy. Such an act must be said to have been done wilfully and maliciously, as contemplated by the statute." In *Greene v. Noonan,* 372 Ill. 286, an automobile accident case, the court refers to a count charging that the defendant maliciously and wantonly drove his car at a high and dangerous rate of speed, as a wilful and wanton count. This is in line with the holding in *In re Greene, supra.*

Upon the question of whether the judgment in the personal injury case was predicated on the wilful and wanton count, counsel for appellee argue that the verdict was a "straight negligence verdict" and that the judgment entered upon it indicates that "there was no intention to involve malice in the action." The answer to this is found in *Greene v. Noonan, supra,* where the court says: "Where the declaration consists of several counts, one or more of which state a cause of action the gist of which is malice, with others based upon negligence only, and the verdict is general, without specifying the count on which it is based, the presumption is that the verdict is based upon a cause of action of which malice is the gist. (*Buck v. Alex,* 350 Ill. 167; *Jernberg v. Mix,* 199 id. 254.)'" There is nothing in the instant case which tends to rebut that presumption, and it is stengthened by the fact that the court instructed the jury on the question of wilful and wanton conduct.

Appellee also relies upon section 5 of the Judgments Act as amended in 1935 (Ill. Rev. Stat. 1941, ch. 77, par. 5 [Jones Ill. Stats. Ann. 107.155]) which reads: "No execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by such defendant and it shall appear from a special finding of the jury, or from

a special finding by the court, if the case is tried by the court without a jury, that malice is the gist of the action, and except when the defendant shall refuse to deliver up his estate for the benefit of his creditors." Prior to the 1935 amendment this section did not prescribe a special finding that malice was the gist of the action as a prerequisite to the issue of a body execution. Counsel argue that because, under section 5, as amended, no body execution could be issued under the judgment in the personal injury suit, on account of there being no special finding that malice was the gist of the action, it may, with equal logic, be insisted that there is nothing on the face of the record to bar a discharge of the defendant in a bankruptcy proceeding and that, malice not being the gist of any count of the complaint, the verdict and judgment is incapable of being aided by the doctrine of presumption invoked by appellant on the authority of *Greene v. Noonan, supra.* It is argued that the doctrine in that case was supplanted, so far as body executions are concerned, by the 1935 amendment to section 5 of the Judgments Act, and that the amendment merely changed the method of establishing malice. Several decisions under that section holding that the special finding of malice is a mandatory requirement for the issue of a body execution are cited and relied upon, but none of them has any application to the issue in this case. The same contention as to the presumption mentioned was made in *Greene v. Noonan, supra,* and the court said in the opinion: "Counsel for appellee say, however, that since the amendment in 1935 to the Judgments Act, requiring that no execution shall issue against the body of the defendant, except when it shall appear from a special finding of the jury, or from a special finding of the court, that malice is the gist of the action, the rule with reference to presumption, just cited, (hereinabove quoted) does not obtain. This amendment to the Judgments Act has nothing to do with a presumption

as to how the jury arrived at its verdict. In the first place, it has nothing to do with procedural matters but affects only the remedy. In the second place, it presupposes that the finding of the jury was on a charge of malice.''

We do not agree with the contention that the expressions of the Supreme Court in that case were dictum, or that, notwithstanding the amendment of section 5 of the Judgments Act, the court was seeking to revive the ''aider by verdict'' or ''presumed malice'' doctrine. The doctrine announced by the court has long been the established law in this State, as shown by the cases cited in the opinion. There was no occasion to revive it, but as stated in the opinion, section 5 has nothing to do with the presumption. Appellee advances no reason and cites no authority tending to support the assertion that because Reell could not be imprisoned under the personal injury judgment, he is released by the bankruptcy proceeding from the civil obligation thereof. No such analogy can be drawn. Under *Greene v. Noonan, supra,* the judgment is presumed to have been predicated upon the wilful and wanton count. The term ''wilful and wanton'' in that count has the same meaning as the term ''wilful and malicious'' employed in section 17 of the Bankruptcy Act and under the express terms of that section Reell was not released from civil liability under the judgment.

The judgment of the circuit court is reversed, and the cause is remanded with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded with directions.*