474

Willard Moore, Appellee, v. Anna Young, Appellant.

Gen. No. 9,841.

Opinion filed February 19, 1943.

SMITH & BROWER, of Sycamore, for appellant.

JOSEPH D. RYAN, of Chicago, and HAROLD E. MANN, of De Kalb, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from a judgment rendered in the circuit court of DeKalb county, Illinois, in June 1942, in favor of the plaintiff, Willard Moore, against the defendant, Anna Young. Judgment was for $5,000. The suit is based upon an action at law brought by Willard Moore to recover damages for an injury he sustained as a result of being struck by an automobile being driven by the defendant, Anna Young. The accident happened on Seventh street in the city of De-Kalb, in DeKalb county, Illinois, on September 30, 1940.

The complaint on which the case was finally submit-

ted to the jury, consisted of two counts. The first count charged negligence on the part of the defendant which was the cause of the accident, and alleged that just prior to, and at the time of the accident, the plaintiff was in the exercise of due and ordinary care for his own safety. The other count is what is commonly termed, a "wilful and wanton one." There is no question raised in regard to the pleadings in the case, so they will not be set forth in detail. At the time the court gave the instructions to the jury, he also submitted to them a special interrogatory for their consideration, namely, "Was the defendant, Anna Young, guilty of wilful and wanton misconduct at, and immediately prior to the happening of the collision in question?" The jury answered this interrogatory "yes." At the close of the plaintiff's evidence, and again at the close of all of the evidence, the defendant tendered an instruction to have the jury find the defendant "not guilty," which the court refused to give. After the jury rendered its verdict, the defendant entered her motion for a new trial, which was overruled. Judgment was entered on the verdict in favor of the plaintiff for $5,000. It is from this judgment that the defendant has perfected an appeal to this court.

The appellant has assigned twenty-five different errors which she relies upon for reversal, but a number of them are not argued. We will consider the ones that have been argued in the order they are set forth in the appellant's brief. The first is that the conduct of the attorney in questioning the jurors on their *voir dire,* as to their acquaintance with Harrell M. Stewart, who was the agent for the insurance company which carried the insurance for the defendant, and in his cross-examination of the defendant's witness, Emma Modeen, was prejudicial error and the court should have granted her motion to withdraw a juror and continue the case. In support of her contention, the ap-

pellant has cited numerous cases, both of the Supreme
and Appellate Courts, where the court criticized the
litigants for mentioning an insurance carrier in the
trial of the lawsuit. Our attention has not been called
to any case where the court has held it to be reversible
error under such circumstances, as the abstract and
brief disclose happened in this case. Mr. Stewart
seemed to be very active in gathering evidence, and
trying to adjust the differences between the plaintiff
and the defendant. It also developed that two of the
prospective jurors had been driving back and forth
to the court house in Sycamore from DeKalb with the
wife of Mr. Stewart during the pendency of the case.
Relative to the cross-examination of Mrs. Modeen, it
has always been the law that the opposing party has
a right to show interest (if any,) in the result of the
suit, or prejudice of the witness. It is our conclusion
that the trial court properly held the cross-examina-
tion of the witness, and the examination of the jurors
within proper bounds.

The next assignment of error is that the court erred
in denying defendant's motion to withdraw the wilful
and wanton count of the complaint at the close of the
plaintiff's case, and at the close of all of the evidence,
as there was no evidence to sustain it; that the court
erred in submitting to the jury the special interroga-
tory on wilful and wanton conduct, as there was no
evidence to support it. The evidence of how this ac-
cident occurred, is in sharp conflict. The plaintiff and
his witnesses testified that the plaintiff was walking
north on Seventh street which is a paved street 60
feet wide. The pavement is of brick and had been
down many years. Seventh street runs north and
south, and on the east side of the street, where the ac-
cident in question happened, dirt, cinders, etc., had
accumulated for a long time. Grass and weeds were
growing in this rubbish on top of the old pavement.
The plaintiff was walking on part of this dirt at the

time that he was struck by the defendant. The plaintiff and his witnesses claim that there was no warning of any kind given by the defendant, before she ran into and injured the plaintiff. The defendant claims that she was driving east on Locust street, stopped for traffic to go by, and turned north on Seventh street; that she was driving at a very reasonable rate of speed; that she didn't see the plaintiff, or his stepson, who was walking with him, until just before she reached them; that the plaintiff turned around and fell in front of the car.

It was a clear day and there was nothing whatsoever to prevent the defendant from seeing the plaintiff, since he was walking along a level street. The jury evidently believed the testimony of the plaintiff and his witnesses, rather than that of the defendant, and we think under such conditions, the jury was justified in finding that the defendant was driving what would be legally termed "wantonly and wilfully." All of this was a question of fact to be decided by the jury, and we cannot say that their finding is against the weight of the evidence.

The next point raised by the appellant is, that the plaintiff was guilty of contributory negligence, and cannot recover, and the trial court erred in failing to instruct the jury to find the defendant not guilty at the close of the plaintiff's case, and at the close of all of the evidence, as requested by the defendant. We find no merit in this contention for two reasons, first, that it was a question of fact for the jury to decide as to whether the plaintiff was guilty of contributory negligence, and the second is, that the case was submitted to the jury on two counts, one of negligence, and the other of wilful and wanton misconduct, and since the jury found the defendant guilty of wilful and wanton misconduct, it is immaterial whether the plaintiff was guilty of contributory negligence.

It is insisted that the court erred in refusing to give the defendant's instructions 3, 5 and 6 as requested.

The defendant's refused instruction No. 3 was covered by other instructions. The defendant's refused instruction No. 5 is as follows: ''The court instructs the jury that it is entirely and perfectly lawful for a man or woman to operate and drive an automobile along public streets and highways of the State of Illinois, and the mere fact that plaintiff was struck by the automobile of the defendant, in no way of itself makes the defendant liable, and if you believe from the evidence in this case that the defendant, Anna Young, in driving the automobile along the street in question, was using the care and caution that an ordinary, careful and prudent person would have used, under the same circumstances, it will be your duty to find the defendant not guilty.'' The first part of the instruction is purely an abstract statement of the law, and the question whether men and women have the right to operate automobiles on the public streets, was not an issue in the case. The other part of the instruction was fully covered by other given instructions.

Defendant's instruction No. 6, is a quotation from the statute, and it is as follows: ''It is the duty of any person walking along and upon improved highways to keep on the left of the paved portion, or upon the left shoulder thereof, and when meeting a vehicle when walking on said portion, to step off to the left.'' This is purely an abstract statement of law. In the case of *Mayer v. Springer,* 192 Ill. 270 our Supreme Court, in criticizing a similar instruction, uses this language: ''The instruction is purely an abstract statement of law, and the giving of such instructions has not been commended, although it is not regarded as error to give one of that character if it has no tendency to mislead. It is the duty of the court to give to the jury, in its instructions, rules of law which are applicable to the evidence in the case, and to make the application so that the jury may understand the relation of the rules to the evidence. The court did not apply this instruction to the evidence in any way, and, of course,

could not do so, since there was no evidence to which the court or jury could apply it." This case has been followed in the *People v. Isbell,* 363 Ill. 264; *People v. Lehner,* 335 Ill. 424; *Garvey v. Chicago Rys. Co.,* 339 Ill. 286; *Bagaini v. Donk Bros. Coal & Coke Co.,* 199 Ill. App. 76; *Burke v. Zwick,* 299 Ill. App. 558; and in *Smith v. Illinois Power Co.,* 279 Ill. App. 505. The court did not err in refusing to give the defendant's instructions.

It is claimed that the trial court erred in giving plaintiff's instructions Nos. 3, 5 and 6 relating to the degree of care required of the plaintiff. We find no merit in this contention, and even if we did, the appellant is in no position to raise this question, as she is guilty of the same error, if any, in referring to the contributory negligence of the plaintiff in her instructions Nos. 27, 29, 30, 32 and 34. We find no merit in the contention that the court erred in giving to the jury plaintiff's instructions 5, 9 and 10.

Complaint is made in regard to the general verdict of the jury in this case, because there is a negligent count and a wilful and wanton count in plaintiff's complaint. Where the complaint consists of two counts, one which states a cause of action the gist of wilful and wanton misconduct, with the other based on negligence only, and the verdict is general, without specifying the count on which it is based, the presumption is that the verdict is based upon a cause of action of which wilfulness and wantonness is the gist, and the amendment of 1935 to the Judgment Act requiring a special finding that malice is the gist cannot be applied to defeat this presumption where a count charging wilful and wanton negligence remains in the declaration *Reell v. Central Ill. Electric & Gas Co.,* 317 Ill. App. 106 (*Greene v. Noonan,* 372 Ill. 286.) In the present case we are not concerned with some of the questions raised by the appellant, as there can be no doubt that the jury found the defendant

guilty on the second count of plaintiff's complaint by answering in the affirmative the special interrogatory, as to whether the defendant was guilty of wilful and wanton misconduct, as before stated in this opinion. We think from the evidence introduced in this case, the jury was justified in coming to the conclusion that the defendant was guilty of wilful and wanton misconduct which caused the injuries to the plaintiff.

It is insisted by the appellant that the verdict of $5,000 is so grossly excessive as to show prejudice on the part of the jury. It is the peculiar province of the jury to weigh the testimony of the various witnesses, and then from all the evidence, give to the plaintiff what they think the evidence shows is a fair compensation for the injuries which he had sustained. We cannot say that this verdict is so excessive as to indicate the jury was prejudiced by anything which happened in the trial. Therefore, the judgment of the trial court is affirmed.

*Affirmed.*