# CASES

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1888.

OHIO, INDIANA & WESTERN RAILWAY COMPANY

v.

THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.

*Railroads—Obstructions of Streets—Standing Cars—Municipal Ordinance—Secs. 77 and 78, Chap. 114, R. S.*

1. The term highway includes all kinds of public ways, and as used in Secs. 77 and 78 of the Railroad and Warehouse Act would include a street in a city and should be so applied, unless it is apparent that by some other legislative provision the exclusive control and jurisdiction over, and the right to prevent obstructions to, such street has been vested in the local municipality.

2. In certain cases the same act may be an offense against the State and against a municipality, and may be punished by both.

[Opinion filed February 2, 1889.]

APPEAL from the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Messrs. C. W. FAIRBANKS and FRANK Y. HAMILTON, for appellant.

Mr. JOHN STAPLETON, for appellee.

(473)

WALL, P. J.   This case was tried by the Circuit Court upon appeal from a justice of the peace, a jury being waived, on the following stipulation or agreed state of facts, viz.: "That this suit was commenced on the 31st day of March, 1888, in the name of the people of the State of Illinois, for the use of Henry C. Dickerson against the said defendant, for alleged obstructions of streets in the city of Le Roy, in said county and State; that the street running north and south immediately west of the depot of defendant in said city of Le Roy was blockaded by cars being permitted to remain on the side track of defendant from on or about March 25, 1888; that said street so obstructed is within the corporate limits of the city of Le Roy as aforesaid; that said city of Le Roy is an incorporated city, and that it has passed a valid ordinance providing for the care, control and management of the streets and alleys within the corporate limits of said city, and also providing a penalty for obstructing the streets of said city."

The court found defendant guilty and assessed a fine of $10, from which judgment an appeal is prosecuted to this court.

The proceeding is based upon Secs. 77 and 78, of Chap. 114, R. S., in reference to railroads and warehouses, whereby it is provided that railroad corporations shall not obstruct public highways by trains or cars except to receive or discharge passengers, or to take fuel or water, and in no case longer than ten minutes, and that for each offense such corporation shall forfeit the sum of not less than ten, nor more than $100, to be recovered in an action of debt in the name of the people, etc., for the use of any person who may sue. It is urged on behalf of the appellant that the term public highway as here used does not include a street in a city where the municipal corporation has, by ordinance, undertaken, in pursuance of its corporate authority, to regulate and prevent such obstruction of its streets.

A highway is defined to be a passage road or street which every citizen has a right to use, 1 Bouv. Law Dic. 586, and a street is a public highway or thoroughfare in a city or village. 2 Ib. 551.

The term highway is generic and includes all kinds of pub-
lic ways, and as used in Secs. 77 and 78 of the Railroad and
Warehouse Act, would, of course, include a street in a city
and should be so applied, unless it is apparent that by some
other legislative provision the exclusive control and jurisdic-
tion over, and the right to prevent obstructions to such streets,
has been vested in the local municipality. So far as granting
the right of way is concerned, as the fee of the street is in the
city, there is no doubt its authority is complete, but the ques-
tion is whether the exclusive power to enforce this police
regulation has been remitted by the State to its local agency,
the city.

Admitting, as argued, that the city of Le Roy is incorpo-
rated under the general law, its power over the subject rests
upon clauses 9, 10, 25 and 27, par. 63, Chap. 24, R. S.  The
ninth clause confers power to regulate the use of streets; the
tenth, to prevent and remove obstructions to the same; the
twenty-fifth, to provide for and change the location, grade
and crossings of any railroad, and the twenty-seventh, to
require railroads to keep flagmen at railroad crossings of
streets, and provide protection against injury to persons and
property in the use of such railroads, and with reference to the
grade of railroad tracks and the keeping open of drains, etc.,
under and along the same. We have been referred to no
other provisions as to this point, and assume there is nothing
else.

The ninth and tenth clauses are, perhaps, broad enough to
invest the city with power to pass such an ordinance as in
the argument is referred to. The stipulation upon which the
case was tried does not state the provisions of the ordinance,
and it can not be determined therefrom whether it applies to
railroads or not.

It seems clear, however, that there is in these clauses no
abdication of power by the State, no surrender or remission
to the local municipality. Such an abdication or remission or
surrender might, we make no doubt, be inferred from any
language plainly investing the city with exclusive authority
in the premises. At most, we think it can be said only that,

while the State has fixed a penalty for the offense described, it has given the city power to legislate generally upon the subject of preventing and removing obstructions to streets and the use of streets.

It is familiar doctrine that the same act may be an offense against the State and against the city and may be punished by both. In Cooley on Constitutional Limitations, it is said, 199: "Nor will conferring a power upon a corporation to pass by-laws and impose penalties for the regulation of any specified subject necessarily supersede the State law on the same subject, but the State law and the by-law may both stand together if not inconsistent. Indeed, an act may be a penal offense under the laws of the State, and further penalties under proper legislative authority be imposed for its commission by municipal by-laws, and the enforcement of the one would not preclude the other."

The same view has been announced in Wragg v. Penn Township, 94 Ill. 11, where will be found an exhaustive consideration of the subject, including former decisions in this State.

We are of opinion there was no error in this judgment and it will, therefore, be affirmed.

*Judgment affirmed.*