(107 N. W. 57.)

---

M. A. COSGRIFF, WILLIAM WHITEMORE, SARAH BUSSEE, JAMES McSHERRY AND FRANK COUFAL v. THE TRI-STATE TELEPHONE AND TELEGRAPH COMPANY, A CORPORATION.

Opinion filed February 28, 1906. Rehearing denied May 11, 1906.

**Telegraph and Telephone Lines — Their Construction Over Highways Is an Additional Servitude.**

1. The construction and operation of a telegraph and telephone line upon a rural highway is not a highway use, within the purpose of the original dedication of the highway, but is a new use, and constitutes an additional servitude upon the fee of the abutting owner for which he is entitled to compensation.

**Eminent Domain — Post Roads — Compensation to Abutting Owners.**

> 2. Rev. St. U. S. sections 5263-5268 [U. S. Comp. St. 1901, pp. 3579-3581], which authorize the construction of telegraph lines along "post roads," upon complying with certain conditions, does not affect the right of an abutting landowner to compensation for the burden imposed upon the fee by the erection of a line upon a rural highway, which is a post road.

Appeal from District Court, Grand Forks county; *Fisk, J.*

Action by M. A. Cosgriff and others against the Tri-State Telephone and Telegraph Company. Judgment for defendant, and plaintiffs appeal.

Reversed.

*Skulason & Skulason,* for appellant.

A telephone line in a street is an additional burden on the fee of the abutting owner. Donovan v. Allert, 11 N. D. 289, 91 N. W. 441, 58 L. R. A. 775, 95 Am. St. Rep. 720.

The rights of an urban are more restricted than those of a suburban owner. Penn. R. R. Co. v. Montgomery County Pass. R. Co., 27 L. R. A. 766; Palmer v. Larchmont Electric Co., 158 N. Y. 231, 52 N. E. 1092; 2 Dillon Mun. Corp. 688; Van Brunt et al. v. Town of Flatbush et al., 27 N. E. 974; McDevittt v. Company, 28 Atl. 948.

Telegraph and telephone lines are an additional serviture upon county highways. Elliott, Roads and Streets (2d Ed.) section 706; Board of Trade Telegraph Co. v. Barnett, 107 Ill. 453; Western Union Tel. Co. v. Williams, 8 L. R. A. 429; Eels v. Am. Telephone and Telegraph Co., 143 N. Y. 133, 38 N. E. 202; Postal Telegraph Cable Co. v. Eaton, 170 Ill. 513; Dailey v. State, 24 L. R. A. 724; Cook on Corp. (5th Ed.) section 933.

Sections 5263 and 5268, U. S. Rev. Statutes 1866, conferring on telegraph companies the right to construct and operate their lines over post routes, have no application to telephone lines. City of Richmond v. Company, 19 Sup. Ct. Rep. 778.

The federal statutes give no foreign corporation the right to enter upon private property without the owner's consent, but provides that where the owner's consent has been obtained no legislation shall prevent the occupation of post roads by telegraph companies. Pensacola Tel. Co. v. W. U. Tel. Co., 96 U. S. 1, 24 L. Ed. 708; St. Louis v. Telephone Co., 148 U. S. 92, 13 L. Ed. 485; W. U. Tel. Co. v. Commonwealth of Mass., 125 U. S. 530,

8 Sup. Ct. Rep. 961; Kester v. W. U. Tel. Co., 108 Fed. 926; Phillips v. Postal Tel. Cable Co., 41 S. E. 1022; W. U. Tel. Co. v. Ry. Co., 20 Sup. Ct. Rep. 867; Cook on Corp. (5th Ed.) sections 933, 934, 935; Am. Tel. & Tel. Co. v. Smith, 18 Atl. 910; W. U. Tel. Co. v. Ry., 120 Fed. 362; Postal Tel. Cable Co. v. Southern Ry. Co., 89 Fed. 190.

*J. B. Wineman, Geo. A. Bangs* and *Tracy R. Bangs,* for respondent.

Congress has the right to dispose of public lands as it deems will best serve public interests. Iowa Homestead Co. v. DesMoines Navigation & R. R. Co. et al., 17 Wal. 153, 21 L. Ed. 622.

The interest of the United States in public lands is that of owner and sovereign. Iowa Homestead Co. v. DesMoines Navigation & R .R. Co., supra; People v. Shearer, 30 Cal. 645; Lux et al. v. Haggin et al., 69 Cal. 255, 10 Pac. 674 at 719; Woodruff v. Mining Co., 9 Saw. 441, 18 Fed. 753.

Section 2477, Rev. Statutes U. S., granting right of way for roads over public lands is a present grant. Walcott Twp. v. Skauge, 6 N. D. 382, 71 N. W. 544; Wells v. Pennington Co., 2 S. D. 1, 48 N. W. 305; Tholl et al. v. Koles, 65 Kan. 802, 70 Pac. 881; St. J. & D. City R. R. Co. v. Baldwin, 103 U. S. 426, 26 L. Ed. 578; M. K. & T. Ry. Co. v. K. P. Ry. Co., 97 U. S. 491, 24 L. Ed. 1095; Leavenworth L. & G. R. R. Co. v. U. S., 92 U. S. 733, 23 L. Ed. 634.

All public land entries are subject to the right of way for highway purposes. Wells v. Pennington Co., supra; Keen v. Board of Supervisors, 8 S. D. 588, 67 N. W. 623; Walcott Twp. v. Skauge, supra; Riverside Twp. v. Newton, 11 S. D. 120, 75 N. W. 899.

The right of way being so reserved, congress had the right to establish and declare post roads over it. Searight v. Stokes, 3 How. 151, 11 L. Ed. 537; Luxton v. North River Bridge Co., 153 U. S. 525, 38 L. Ed. 88; Cal. v. C. Pac. R. R. Co., 127 U. S. 1, 32 L. Ed. 150, 8 Sup. Ct. Rep. 1073; Kohl et al. v. U. S., 91 U. S. 367, 23 L. Ed. 449.

The grant of a right of way for highway by a private owner, carries with it the right to use same for telephone purposes and such purposes impose no additional servitude upon the fee. Keasbey on Electric Wires, 102-3; Pierce v. Drew, 136 Mass. 75, 49 Am. Rep. 7; McCormack v. District of Columbia, 54 Am. Rep. 284; Ass'n v. Bell Co., 57 Am. Rep. 398; Lockhart v. Co., 21 Atl.

26; Hershfield v. Rocky Mountain Bell Tel. Co., 29 Pac. 883; People v. Eaton, 100 Mich. 208, 59 N. W. 145, 24 L. R. A. 721; McGee v. Overshiner, 150 Ind. 127, 49 N. E. 951, 40 L. R. A. 370, 65 A. S. R. 358; Coburn v. New Tel. Co., 156 Ind. 90, 59 N. E. 324; Palmer v. Larchmont Electric Co., 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672; McCann v. Johnson Co. Tel. Co., 69 Kan. 210, 76 Pac. 870.

The telephone is the telegraph. Wis. Tel. Co. v. City of Oshkosh, 21 N. W. 828; Roberts v. Wis. Tel. Co., 46 N. W. 800; Iowa U. Tel. Co. v. Board of Equalization, 25 N. W. 155, Franklin v. N. W. Tel. Co., 28 N. W. 461; Bell Tel. Co., v. Com., 3 Atl. 825; P. T. & T. Co. v. Road, 49 Atl. 284; C. & P. T. Co. v. B. and O. Co., 66 Md. 399, 7 Atl. 809; St. L. v. B. T. Co., 97 Mo. 623, 10 S. W. 197, 9 A. S. R. 370; State v. C. N. J. Tel. Co., 53 N. J. L. 341, 21 Atl. 460, 11 L. R. A. 664; State v. Mayor, 11 N. J. L. 168, 48 Atl. 1022; Hudson River Tel. Co. v. W. T. R. Co., 135 N. Y. 393, 32 N. E. 148, 17 L. R. A. 674, 31 A. S. R. 838; S. A. & A. P. Ry. Co. v. S. W. Tel. and Tel. Co., 93 Tex. 313, 56 S. W. 201, 49 L. R. A. 459, 77 A. S. R. 884; Davis v. P. T. Co., 127 Cal. 312, 59 Pac. 698.

Telephone poles, when erected in a public highway, do not create an additional servitude. Taggert v. Newport Street Ry. Co., 19 Atl. 326; Rafferty v. Central Traction Co., 23 Atl. 884; Williams v. Electric Street Ry. Co., 41 Fed. 556; Palmer v. Larchmont Electric Co., 158 N. Y. 231, 52 N. E. 1092.

There is no real distinction between city streets and rural highways. Abbott v. City of Duluth, 104 Fed. 833; N. W. Tel. Ex. Co. v. Minneapolis, 81 Minn. 140, 83 N. W. 527, 86 N. W. 69; Chamberlain v. Iowa Tel. Co., 93 N. W. 596; Cater v. N. W. Tel. Ex. Co., 60 Minn. 539, 63 N. W. 111; Julia Building Ass'n v. Bell Tel. Co., 88 Mo. 258; McCann v. Johnson Tel. Co., 76 Pac. 870. 66 L. R. A. 171; People v. Eaton, 100 Mich. 208, 59 N. W. 145.

Young, J. The plaintiffs brought this action to enjoin the defendant from constructing and operating a long distance telephone and telegraph line on a certain rural highway in Chester township, Grand Forks county. The plaintiffs own seven quarter sections of land abutting upon the highway, which is located upon a section line. The defendant is a foreign corporation regularly authorized to do business in this state. It obtained the consent of the township supervisors to construct its line over the highway in question,

but did not obtain the consent of the plaintiffs, who are abutting owners, and it has not compensated them for the taking of the property or instituted condemnation proceedings. The plaintiffs allege that the defendant's acts are in violation of section 14 of the state constitution, which provides that "private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation, other than municipal, until full compensation therefor be first made in money or ascertained and paid into court for the owner, * * *" and section 5955, Rev. Codes 1899, which contains the same provision. The plaintiffs applied for a temporary injunction upon notice, and after a hearing it was denied, and plaintiffs have appealed from the order denying the same.

It is agreed that the sole and controlling question is whether the construction of a telephone and telegraph line upon a rural highway constitutes an additional servitude on the fee of the abutting owners. The trial court held that it does not, and, in support of this conclusion, counsel for defendant urges two grounds: (1) That the maintenance of a telephone and telegraph line upon a rural highway is a proper highway use, within the purpose of the grant of the easement, and does not therefore constitute an additional servitude; and (2) that, irrespective of the question as to whether it is a proper highway use, the defendant has the right to the use it is now attempting to assert under the authority of sections 5263, 5264, Rev. St. U. S. [U. S. Comp. St. 1901, pp. 3579, 3580].

Both contentions must be denied. The first ground has already been ruled upon by this court and adversely to the defendant's contention. In Donovan v. Allert, 11 N. D. 289, 91 N. W. 441, 58 L. R. A. 775, 95 Am. St. Rep. 720, this court held, after mature deliberation and an extended review of the authorities, that the construction of a telephone line upon the streets of a city imposed a new servitude upon the fee of the abutting owner, for which he was entitled to compensation. The rights of a landowner whose land abuts upon a rural highway are not inferior to those of one whose land abuts upon the streets of a city. This is conceded. Indeed it has often been held that the rights of the owner of land abutting upon the streets of a city are more restricted. This distinction, which is sometimes made, rests upon an alleged difference

in the purpose of the original dedication.  Eels v. A. T. & T. Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640; Croswell on Electricity, sections 117, 126.  The underlying principle which must govern is the same, however, in either case.  The proposed use must be within the purpose of the original dedication.  If it is not, it constitutes an additional servitude, whether it be of a street or rural highway.  Cases like this primarily involve a determination of property rights, and, where it is held that a new serviture is imposed, it follows necessarily that the fee owner. is entitled to relief.  The point of difference, and it is the only one which can logically serve as a basis for different conclusions, is as to the original purpose of the grant of the easement.  Rights which have been granted to the public cannot be claimed by the abutting landowner.  Such rights as have not been granted to the public remain in him and should be protected to the same extent as any other property right.  In Donovan v. Allert, supra, this court held that the construction and operation of a telephone line upon a street was not a proper street use, and, in stating the original purpose of the dedication, used the following language:  "The primary use of a street or highway is confined to travel or transportation. Whatever the means used, the object to be attained is passage over the territory embraced within the limits of the street.  Whether as a pedestrian, or on a bicycle, or in a vehicle drawn by horses or other animals, or in a vehicle propelled by electricity, or in a car drawn by horses or moved by electricity, the object to be gained is moving from place to place.  The same idea is expressed by courts and text-writers by the statement that 'motion is the primary idea of the use of streets.'   *   *   *   The streets of the city were given to the public for public use.  What is understood by 'public use?'  The primary intention and idea of the use of the street was for travel—moving from place to place in any way that does not interfere with the use of the street for travel in any other way.  The manner or mode of travel is not restricted to those known or in use at the time of the dedication, but may be those modes of travel that are the result of modern invention."  The weight of authority and reason supports the views set forth in the above case.  See cases cited in opinion.  The leading cases to the contrary are Pierce v. Drew, 136 Mass. 75, 49 Am. Rep. 7; People v. Eaton, 100 Mich. 208, 59 N. W. 145, 24 L. R. A. 721; Building Ass'n v. Bell Tel. Co., 88 Mo. 258, 57 Am. St. Rep. 398; and Cater

v. N. W. T. Ex. Co., 60 Minn. 539, 63 N. W. 111, 28 L. R. A. 310, 51 Am. St. Rep. 543—in each of which the decision was by a divided court. The cases opposed to the majority view differ as to the basis of their conclusion. Some courts have held that the primary and original purpose of the dedication of a street or highway includes the transmission of intelligence as well as public travel. To this class belongs Pierce v. Drew, supra, and other cases which might be cited. These cases have the merit of being logical in their conclusion for, adopting the view, which in our opinion is erroneous, that a street or highway is dedicated for use, both for travel and the transmission of intelligence, it follows necessarily that the maintenance of a telephone is not a new use, and this would also be true of any and all new modes of communication which ingenuity may devise. Other courts, while not expressly denying that the primary purpose of dedication of a highway is for travel, as above stated, apparently rest their decision upon public policy or what they deem to be the requirements of the public good. As illustrative of this class may be cited McCann v. Telephone Co., 69 Kan. 210, 76 Pac. 870, 66 L. R. A. 171, and Kirby v. Citizens' Telephone Co., 17 S. D. 362, 97 N. W. 3, both decided after Donovan v. Allert, supra. The decision in the Kansas case was by a divided court. The majority held that "the more liberal view should be taken, which is in keeping with the progress of the times, holding the easement to include the modern methods of travel and communication." Johnston, C. J., in his dissent, which was concurred in by two of the judges, after a full review of the authorities, said: "I think the function of the telephone is quite apart from the purpose for which the highway was designed when the easement was acquired. All methods whereby a part of the rural highway is exclusively and continuously occupied is a new use, and constitutes an additional burden, which entitles the person over whose land the highway is laid to compensation. The authorities are very nearly uniform, however much they may differ as to reasons, that a telephone is not within the scope and purpose of a rural highway." In the South Dakota case the court announced its views in the following language: "With the advance of civilization and new discoveries in science and new inventions, a more varied use of the streets of a city has become a necessity, and the rights of fee owners must yield to the public good, and new uses and more appropriate methods must be deemed to have been compensated

for in the appropriate dedication or condemnation of the streets." This case, it will be noted, goes to the extent of holding that when a different use of the streets becomes necessary "the rights of the fee owners must yield to the public good," and that the new use must be deemed to have been compensated for in the original appropriation or dedication. The effect of this and cases announcing the same view, and we are urged to overrule Donovan v. Al- lert and adopt it as the more modern and progressive view, is to deprive abutting owners of their property rights by judicial fiat —rights, which, whether of great or small value, have been made the object of constitutional protection. We cannot assent to this mode of transferring property rights. If telephone companies require the use of private property for the construction of their lines, they have the power of acquiring it by condemnation, but they may. not, in our opinion. lawfully take it without first making compensation.

The defendant's second contention is that the highway in question is a "post road," and that authority is granted to it, under section 5263, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3579], to construct its lines upon "post roads" without making compensation to abutting owners. Before referring to the provisions of the above section and of certain kindred sections, it may be stated that the highway in question, which is upon a section line, became such by grant of congress (section 2477, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1567]), to and acceptance by the public long before the land was patented to the plaintiffs. Patents to six of the quarter sections were issued prior to 1884, and the seventh on November 28, 1884. The public having lawfully acquired the right of way for highway purposes, the plaintiffs took their title burdened with the easement in favor of the public. McRose v. Bottyer, 81 Cal. 122, 22 Pac. 393; E. P. T. R. Co. v. Edwards, 3 Col. App. 74, 32 Pac. 549; Tholl v. Koles, 65 Kan. 802, 70 Pac. 881; Walcott v. Skauge, 6 N. D. 382, 71 N. W. 544; Wallowa v. Wade, 43 Or. 253, 72 Pac. 793; Keen v. Fairview Twp., 8 S. D. 558, 67 N. W. 623. Section 3964 Rev. St. U. S. [U. S. Comp. St. 1901, p. 2707], adopted March 1, 1884, declared "all public roads and highways, while kept up and maintained as such," to be "postal routes." Section 5263, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3579], adopted July 24, 1866, granted permission to telegraph companies to construct and operate lines over public lands and over and along military roads and

"post roads," upon filing the written acceptance required by section 5268 of the same act [U. S. Comp. St. 1901, p. 3581]. The defendant has complied with the requirements which entitle it to the privileges of the above statute and contends that, under the authority of the above section, it not only has the right to construct its lines upon the highway in question, but that it may exercise this right without making compensation to the abutting owners. The contention cannot be sustained. The privilege given by section 5263, supra, is to telegraph companies, and it has been authoritatively settled that a telephone company is not entitled to its benefits. Richmond v. Southern Bell Tel. Co., 174 U. S. 761, 19 Sup. Ct. 778, 43 L. Ed. 1162; Wichita v. O. C. T. Co., 132 Fed. 641, 657, 66 C. C. A. 19. We may assume, however, for the purposes of this case, that, because the defendant's charter authorizes it to construct and operate telegraph and telephone lines, it comes within the above provision, and, further, that highways which are declared to be "post routes" are "post roads," within the meaning of section 5263, supra, so that it may claim the benefit of that section, still it avails the defendant nothing. Long before it attempted to exercise its right to go upon the land in question, the highway easement had passed to the public, and the fee had passed to private owners. It has been repeatedly held, and without a dissenting voice, both by state and federal courts, that section 5263-5268, supra, which authorize the construction of telegraph lines along post roads, do not affect the right of a landowner to the damage to which he is entitled for the additional burden upon the fee caused by the erection of telegraph poles upon a public highway, which is a post road. Kester v. W. U. Tel. Co. (C. C.) 108 Fed. 926; A. & P. T. Co. v. C. R. I. & P. R. Co., Fed. Cas. No. 632; P. T. Co. v. Southern Ry. Co. (C. C.) 89 Fed. 190; N. W. T. Ex. Co. v. C., M. & St. P. Ry. Co., 76 Minn. 343, 79 N. W. 315; Daily v. State, 51 Ohio St. 348, 37 N. E. 710, 24 L. R. A. 724, 46 Am. St. Rep. 578; A. T. & T. Co. v. Pearce, 71 Md. 535, 18 Atl. 910, 7 L. R. A. 200; W. U. T. Co. v. Ann Arbor, 90 Fed. 379, 33 C. C. A. 113, 120; W. U. T. v. Ann Arbor Ry. Co., 178 U. S. 243, 20 Sup. Ct. 867, 44 L. Ed. 1052; W. U. T. Co. v. Penn. Ry. Co. (C. C.) 120 Fed. 362; Phillips v. Telegraph Co., 130 N. C. 513, 41 S. E. 1022, 89 Am. St. Rep. 868; Pensacola T. Co. v. W. U. T. Co., 96 U. S. 1, 24 L. Ed. 708. Some of the cases above cited involve the rights of the holders of easements, and others the rights of abutting own-

ers. It is held in either case that compensation must be made by the telephone company as a condition to imposing the additional servitude.

The district court is directed to reverse its order and grant the temporary relief prayed for. All concur.