**Pauline Cihal, Appellant, v. Robert W. Carver, Appellee.**

**Gen. No. 44,098.**

Opinion filed April 21, 1948. Released for publication May 7, 1948.

IRVING N. STENN and PERCIVAL THOMPSON, both of Chicago, for appellant.

WYATT JACOBS, of Chicago, for appellee; CHARLES E. HECKLER, of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an action to recover damages for personal injuries sustained by plaintiff as a result of being struck by defendant's automobile as she was crossing Cicero avenue in the City of Chicago in an alleged crosswalk at the intersection of a private road. Trial by a court and jury resulted in a verdict for $8,500 in favor of plaintiff. Defendant's motion for a new trial was denied and judgment notwithstanding the verdict was entered in favor of the defendant. Plaintiff ap-

peals from the judgment and defendant has filed a cross-appeal from the order denying his alternative motion for a new trial in the event this court finds there is an issue for the jury.

The evidence shows that Cicero avenue, a state highway, is forty-two feet two inches wide from curb to curb, with sidewalks on both sides of the street. On Cicero avenue between 65th and 66th streets there is a hill the crest of which is midway between these two streets. The area west of Cicero avenue, known as the Clearing Industrial District, lies outside the corporate limits of the City of Chicago. Sixty-sixth street, a public street, joins Cicero avenue but does not cross it or extend to the west. About one hundred feet south of 66th street is a private way which joins Cicero avenue from the west but does not cross it. This way is twenty-five feet six inches wide and paved from curb to curb. There are sidewalks on each side with six-foot grass parkways between the way curbs and the sidewalks. On each side of the private way at the junction of Cicero avenue are brick pillars in which are imbedded stone slabs bearing inscriptions reading "Private Way" and attached to these pillars, facing the private way, are metal brackets from which a sign is suspended bearing the words "Clearing Industrial District."

The evidence further shows that plaintiff, thirty years of age, was employed by the Kellogg Switchboard and Supply Company, whose plant is located on the west side of Cicero avenue and on the south side of the private way. About 4:30 o'clock in the afternoon plaintiff left her place of employment and walked east on the south sidewalk of the private way to Cicero avenue where she turned north and crossed the private way to the northwest corner of the alleged intersection. When she reached the corner she observed a southbound bus parked ten or twelve feet to the north and a number of people who had gathered

at this corner. After a short period of waiting to allow vehicular traffic to clear the alleged intersection she proceeded east across Cicero avenue from the northwest corner. When she "took about four steps" into Cicero avenue she was struck by defendant's southbound automobile.

Plaintiff contends that she was crossing Cicero avenue at a regular pedestrian crosswalk within the meaning of "Uniform Act Regulating Traffic on Highways," ch. 95½, secs. 109, 110 and 111 [Jones Ill. Stats. Ann. 85.141–85.143].

The pertinent sections of ch. 95½, subdivision 3 of article I of the Uniform Traffic Act read as follows:

"109(a)   Street or highway. The entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic.

"(c)   Private road or driveway. Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons.

"110.   Intersection. The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles. . .

"111.   Crosswalk. That portion of a roadway ordinarily included within the prolongation or connection of the lateral lines of sidewalks at intersections."

The phrase "open to the use of the public as a matter of right" appearing in sec. 109(a) means a "street or highway" given to the public for a public use and one which every citizen has a right to use. (*Morse v. Sweenie,* 15 Ill. App. 486; *Ohio, I. & W. R. Co. v. People,* 39 Ill. App. 473; *In re Cox,* 140 Misc.

313, 250 N. Y. S. 528; *Cosgriff v. Tri-State Telephone & Telegraph Co.*, 15 N. D. 210, 107 N. W. 525.)

■ The distinguishing mark of a highway, whether described by that term or by any term construed as equivalent, is that it must be a way which is open generally to the public use. (39 C. J. S. 915.)

■ ■ Section 110 defines intersections as "the area embraced within the prolongation or connection of lateral curb lines . . . of the roadways of two *highways* . . . ." Since it is a rule of construction that when words appear more than once in a statute it will be presumed that the General Assembly intended to attribute to them the same meaning throughout unless there is something to show that a different meaning was intended. (*In re Estate of Gilbert,* 311 Ill. App. 28.) It follows that the word highways in section 110 should be given the same meaning as in sec. 109(a).

■ ■ "Crosswalks" as defined in section 111 refers to crosswalks at *highway* intersections as defined in sec. 110, and therefore excludes crosswalks at an intersection of a highway and a private road. In the instant case we therefore hold as a matter of law that plaintiff was not in a crosswalk at the time of the occurrence as alleged in paragraphs 3 and 5(h) of the complaint, within the meaning of the Uniform Act regulating traffic on highways, ch. 95½, Ill. Rev. Stat. 1945.

■ In his brief defendant concedes that there is sufficient evidence in the record to warrant submission of the question of defendant's negligence to the jury, but maintains that plaintiff was guilty of contributory negligence as a matter of law. This contention we think is without merit. There is evidence tending to show that plaintiff's view of the approach of southbound automobiles was obstructed by the bus parked at the northwest corner and the hill or rise in Cicero

avenue; that defendant's automobile as it traveled south "swerved to avoid hitting the bus"; that twenty or twenty-five people were gathered at the corner at the time of the occurrence; and that plaintiff immediately before and as she was crossing Cicero avenue looked for approaching vehicular traffic.

Plaintiff asserts that under the circumstances in the instant case she was only required to use that degree of care which a reasonable person would exercise at a place which she would reasonably assume to be a crosswalk, whether it was a crosswalk or not, and that in the present case it would be exactly the same degree of care required as at an actual crosswalk. With this assertion we are unable to agree.

In the case at bar plaintiff was governed by sec. 172, chapter 95½ [Jones Ill. Stats. Ann. 85.204], which provides that "every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked *crosswalk at an intersection*" shall yield the right of way to all vehicles upon the roadway. Since under this provision defendant was not required to yield the right of way to plaintiff her rights are not the same as those of a pedestrian crossing the roadway within a crosswalk "at an intersection" as defined in the preceding sec. 171, but even so the question of plaintiff's due care under these circumstances is one of fact for the jury to determine.

In his answer defendant denied that plaintiff was crossing the roadway "at an intersection" at the time of the occurrence as alleged in paragraphs 3 and 5(h) of her complaint.

At the close of all the evidence defendant made motions to instruct the jury to find for defendant on the charges alleged in paragraphs 3 and 5(h), which were overruled. These motions should have been granted. Moreover, where, as here, it is manifest that the trial court misapprehended the law and

proceeded on an erroneous theory a new trial should be granted. (*Randall v. Randall*, 281 Ill. App. 169.)

■ Criticism is leveled by defendant at certain instructions given and refused, on the ground that they are inconsistent and contradictory. Defendant complains of instructions 2, 4 and 7 given at the request of plaintiff. These instructions are defective because they were drawn on the theory that plaintiff at the time of the occurrence was on a crosswalk at an intersection. On the other hand, defendant's refused instructions are based on the correct theory that plaintiff was not on a crosswalk. Plaintiff's given instructions 2, 4 and 7 are therefore prejudicially erroneous. In the view which we take of this case it is unnecessary to consider the other points raised.

For the reasons given, the judgment notwithstanding the verdict in favor of defendant is reversed, and the cause is remanded for a new trial.

*Reversed and remanded for new trial.*

KILEY and BURKE, JJ., concur.