Fred Woolsey, Plaintiff-Appellee, v. Frederick L. Rupel, Defendant-Appellant.

Term No. 56–O–2.

Fourth District.
March 4, 1957.
Released for publication March 20, 1957.

Green and Hoagland, of Alton, for appellant; John T. Roach, and Elmer H. Bernard, of counsel.

Morris B. Chapman and John Gitchoff, of Granite City, and Irving Wiseman, of Alton, for appellee.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

Plaintiff suffered injuries when he, as a pedestrian, was struck by defendant's car on a rural highway. He obtained judgment on a verdict of $20,000 under a count charging negligence of defendant. The jury found defendant not guilty under a count charging wilful and wanton misconduct. On this appeal, the defendant asserts the trial court should have directed a verdict, or, in the alternative, should have ordered a new trial.

The injury occurred on a paved east-west highway opposite a factory where plaintiff was employed, and the place was not in a restricted speed zone. The factory is on the north side of the road, fenced in, with several gates in the south fence along the road.

According to plaintiff, he had parked his car in a lot on the south side of the road, west of a gate. He then walked east along the south shoulder to a point opposite a gate. He observed that there was no traffic approaching from the east, and then looked west. He saw a car coming with a flashing light indicating a right turn. He waited to see if the car really turned, and when it did, he proceeded across the pavement without again looking to the east. He was looking toward the gate, although he knew it was not used as an exit for vehicles.

As he stepped across the center line, he heard a shout, and upon looking to the east saw a car some 70 feet to the east bearing down on him at about 40 miles per hour. He froze in his position in the west bound lane and was struck by the car. It is disputed whether the horn was sounded, but the defendant unquestionably applied his brakes hard, leaving tire marks about 42 feet long. According to testimony, this length indicates a speed of less than 40 miles per hour. As a reason for not seeing the approaching car, plaintiff

testified there was a dip in the road some 660 feet to the east and a car in that area would not have been visible to him.

Another plaintiff's witness estimated the speed of defendant's car as 30 to 35 miles per hour, one said 20 to 25; and the latter estimated the distance traveled from the moment of impact to a complete stop at about 20 feet.

There are other variations in the evidence, but for the most part there is little dispute as to facts. On the face of it, there is a close question whether the defendant was guilty of negligence. And defendant sincerely urges that the plaintiff was guilty of contributory negligence as a matter of law.

██ Upon full consideration, we have decided that, while there is strong basis for the defense arguments, yet we are unable to say that all reasonable minds would agree that plaintiff was clearly guilty of contributory negligence. Hence, the trial judge properly refused to direct a verdict, or enter judgment contrary thereto. Thomas v. Buchanan, 357 Ill. 270; Campbell v. Ragel, 7 Ill.App.2d 301.

██ The court erred in adopting the theory of plaintiff and instructing that this accident occurred in an "unmarked crosswalk." The statute gives to pedestrians a preferential status when they are in a marked or unmarked crosswalk. No authority is conferred upon pedestrians to select any place that suits their convenience to cross a street or road and thereby designate it an unmarked crosswalk. The law is specific; the preferential status of a pedestrian in a marked crosswalk is extended to one in an unmarked crosswalk "at an intersection." Ch. 95½, Ill. Rev. St., Section 171. By the definitions in Sections 109, 110 and 111 of the act, a private lane does not qualify as an intersection. Cihal v. Carver, 334 Ill. App. 234.

██ Since the case was tried under an incorrect theory of law, the appropriate action is to award a new

trial. Randall v. Randall, 281 Ill. App. 169; Cihal v. Carver, 334 Ill. App. 234. However, there are other errors in the instructions in this case, which would also require reversal, and these are mentioned to avoid their use on a second trial.

Plaintiff's instruction number 2, in some 1300 words, recited to the jury the lengthy charges in the complaint. It is a glaring example of all the evils pointed out in Signa v. Alluri, 351 Ill. App. 11. The charges were in the form of conclusions of the pleader; they might be regarded as fair comment in the attorney's argument to the jury, but they should not come from the lips of the judge.

 It is permissible to inform the jury of the issues of the case, if in succinct form without undue emphasis. Signa v. Alluri, 351 Ill. App. 11; Warnes v. Champaign County Seed Co., 5 Ill.App.2d 151. As noted in the latter case, plaintiff is not absolutely required to tender such an instruction. The instruction in question was not a statement of issues at all, it did not inform the jury what was denied or what defendant contended.

 The mere violation of a traffic regulation is not per se negligence. Burke v. Zwick, 299 Ill. App. 558; Miller v. Burch, 254 Ill. App. 387. Hence it is error to give an instruction on the theory that mere violation of a traffic regulation is negligence. Berg v. Michell, 196 Ill. App. 509.

 This rule is necessarily violated by the unqualified reading to the jury of the charges in the complaint, since the pleader has assumed and flatly asserted that the defendant was negligent in these respects. If it becomes necessary, in a proper case, to inform the jury of "the charges in the complaint," the instruction should also inform the jury what is denied, and in this connection it should be made apparent to the jury that, if a factual charge of this type is proved by a preponderance of the evidence, the question re-

53

mains for the jury to decide whether the conduct thus charged and proved was negligence, as defined in the instructions.

Plaintiff's instruction number 3 assumed without qualification that defendant was negligent if he "failed to have his said automobile under control so as to stop same and avoid striking plaintiff." This was error. Defendant had a duty to use due care to avoid striking the plaintiff, but plaintiff was also required to use due care, and had the specific duty of yielding the right of way to the vehicle. Sec. 172 of the Motor Vehicle Act. The mere fact the striking occurred should not be designated as conclusive proof of negligence of the defendant.

Other instructions were given at plaintiff's request which defined plaintiff's duty to use the care of an ordinary prudent person "under the circumstances." If the "circumstances" were created by plaintiff's failure to use due care and caution for his own safety, the defendant should not be held liable, but the court refused defendant's tendered instruction on that phase of the case. The cumulative effect of these rulings was to take from the jury the question whether plaintiff had been negligent in having placed himself in the position of danger. This is error. North Chicago St. R. v. Cossar, 203 Ill. 608.

The misleading effect of these rulings was further enhanced by giving plaintiff's instruction number 7: "You are instructed that the law did not require the plaintiff, Fred Woolsey, to exercise an extraordinary degree of care. All that was required of him was the exercise of ordinary care, and what is ordinary care depends upon the circumstances," etc.

While this instruction might not be reversible error in all cases, the effect in this series of instructions of singling out the plaintiff as one who was not required

54

to use extraordinary care, created a false inference that plaintiff's duty was less than defendant's.

■ One other point raised by defendant is now considered. It is urged that the verdict for defendant on count II as to wilful and wanton misconduct, is presumed to include a finding in favor of defendant on every issue in that count, including a finding that plaintiff was guilty himself of wilful and wanton misconduct, and therefore, he is barred from any recovery. Citations include Warnes v. Champaign County Seed Co., 5 Ill.App.2d 151 and Flournoy v. Lastrapes, 131 U. S. 161 [appendix CLXI], 25 L. Ed. 406. The cases illustrate the rule that a general verdict is presumed to include a favorable finding on every issue necessary to support it.

■ There is no authority for the proposition that a verdict on one count may be used to attack a separate verdict on another count based on a different principle. The two counts in this case presented two theories of liability. The jury sustained one and rejected the other. We hold that neither the verdict on count II nor any allegation in that count may be considered for the purpose of attacking the separate verdict on count I.

For the reasons previously set out, it must be held that the defendant was not accorded a fair trial under the rulings of the court, therefore, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

BARDENS and CULBERTSON, JJ., concur.