THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* GARY TADD, Defendant-Appellee.

(No. 72-218;

Second District—July 2, 1973.

James M. Carr, State's Attorney, of Sycamore, (Charles H. Iskowich, Assistant State's Attorney, of counsel,) for the People.

John W. Countryman, of Castle, Burns & O'Malley, of DeKalb, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The State, appeals from a judgment dismissing speeding charges. It contends that the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—601(b)) applied to the offense which occurred on Circle and Graham Drives on the campus of Northern Illinois State University in DeKalb.

If the alleged offense did not take place on a "highway" within the meaning of chapter 11 of the Vehicle Code, defendant cannot be convicted of speeding under Ill. Rev. Stat. 1971, ch. 95½, pars. 11—201, 11—601(b).

The Code defines a highway as:

> "(t)he entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public as a matter of right for purposes of vehicular traffic, other than public ways for vehicular traffic within a park district for which the park district has maintenance responsibility, excepting the Chicago Park District." Ill. Rev. Stat. 1971, ch. 95½, par. 11—100.[1]

In dismissing the complaint, the trial court found that Circle and Graham Drives were solely owned and maintained by Northern Illinois University, and thus were not streets or highways within the meaning of section 11—100 and 11—201 of the Code. Ill. Rev. Stat. 1971, ch. 95½, pars. 11—100, 11—201.

The phrase "open to the public as a matter of right" has been held to mean a street or highway given to the public for a public use and one

---

[1] This definition is in contrast to that in chapter 1 of the Vehicle Code, which defines a highway as "(t)he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." Ill. Rev. Stat. 1971, ch. 95½, par. 1—126.

which every citizen has a right to use. (*Cihal v. Carver* (1948), 334 Ill. App. 234, 238.) The court in *Cihal* went on to say that the distinguishing mark of a highway is that it must be a way which is open generally to the public use.

■■ The roads in question were in fact owned by the Board of Regents, pursuant to its power to acquire and hold property under section 7 of the Regency Universities Act. (Ill. Rev. Stat. 1971, ch. 144, par. 307.) This Act states that, "All real property acquired by the Board shall be held for the People of the State of Illinois, for the use of the Regency University concerned." Thus, although the Board held the roads for the use of Northern Illinois University, the State remained the beneficial owner. (*People v. Barrett* (1943), 382 Ill. 321, 341; *People v. University of Illinois* (1928), 328 Ill. 377, 381-2.) The conclusion that ownership of roads is in the State is not decisive however. We must decide whether it then follows that the public may use them "as a matter of right" within the meaning of that term in the Motor Vehicle Code.

■■ The Board of Regents is an agency of the State and holds its campus streets in trust for the People of the State. (See *People Gas Lt. Co. v. City of Chicago* (1953), 413 Ill. 457, 463, 464.) In this sense, the public may be said to have the use of the streets on the campus as a matter of right and without express permission. This is not to say that the right is absolute and unqualified. The State in the exercise of its police power may regulate the use of its streets and highways in the public interest. (*People v. Linde* (1930), 341 Ill. 269, 274-5; *Chicago Coach Co. v. City of Chicago* (1929), 337 Ill. 200, 206-7.) It follows that the State may empower one of its agencies, here the Board of Regents, to regulate and impair the use of streets and roads located on the campus in furtherance of particular needs and uses of the university. (See *Dunkel v. Elkins* (D. Md 1971), 325 F.Supp. 1235, 1243.) Thus, in effect, the regents could deny use of the roads to the general public "as a matter of right".

The two cases cited by defendant for the proposition that use of roads by the public principally for university purposes does not make them highways (*Koch v. Mraz* (1929), 334 Ill. 67; *People v. Waitkus* (1964), 30 Ill.2d 335), are not helpful as they deal with the creation of a highway by prescription or user.

The problem which is presented by the record before us is that there was no evidence presented to the trial court directed to the question whether the *right* to use the publicly owned roads located on the campus had been qualified or denied except as a matter of permission in exercise of the authority granted to an agency of the state. In defendant's brief in this court, it has appended university regulations which state that

394

"University facilities used for vehicular traffic and parking are used by permission of the Board of Regents and not as a matter of right * * *."[2]

■■ However, these regulations were not contained in the record of the trial court proceedings, were not presented to that court, and therefore cannot be considered. Moreover, the conclusions in the regulations do not establish that the university has clearly and correctly interpreted the statutory grant of power to deny the application of the Motor Vehicle Code to traffic offenses occurring on the campus streets and roads.

■■ We therefore reverse and remand with directions to determine whether the public's right to use the roads in question at the time of the charged offense was qualified or denied except as a matter of permission, under proper grant of authority. If no such regulation is shown, the roads in our view were used by the public "as a matter of right" within the purview of Ill. Rev. Stat. 1971, ch. 95½, par. 11—100 and the speeding charge should be reinstated for trial; otherwise the charge should be dismissed.

Reversed and remanded with directions.

GUILD, P. J., and T. MORAN, J., concur.

_____

[2] The regulations also contain a provision G.6. which provides:
"Operators of motor vehicles on university facilities are expected to comply with the 'Rules of the Road' as outlined in Chapter 11 of the Illinois Vehicle Code (Chapters 95½, Ill. Rev. Stat. 1971), and appropriate provisions of these laws; failure to observe will be a moving violation."