FRANCES TRILLET *et al.*, Plaintiffs-Appellants, *v.* GARLAND BACHMAN, Defendant-Appellee.

Third District    No. 80-284

Opinion filed May 28, 1981.

John Olivero and William La Sorella, both of Peru, for appellants.

Michael T. Reagan, of Hupp, Irion & Reagan, of Ottawa, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

After trial by jury in La Salle County involving a collision of motor vehicles, a verdict was returned for the defendant, Garland Bachman, and the plaintiffs, Frances Trillet and Arthur J. Trillet, Jr., executor of the estate of Arthur W. Trillet, deceased, perfected this appeal.

On May 7, 1976, the plaintiff Frances Trillet was with her husband, the owner and a passenger in an automobile being driven north on what is known as "plank road." The road is a two-lane concrete highway stretching from the city of Peru to and beyond Interstate Highway 80. A first cousin of Mrs. Trillet, Mr. Baker, was driving the motor vehicle. Mrs. Trillet as a passenger was in the right front seat and her husband, Arthur W. Trillet, was seated directly behind her. Mrs. Baker was also in the back

seat behind her husband. On the date of the accident Mrs. Trillet was but a few weeks shy of her 68th birthday. The Trillets and the Bakers were all going to an A.R.R.P. (an association for retirees) meeting which was to be held at the Peru Armory which is located on the west side of "plank road" and north of the city of Peru. When the Trillet vehicle came to the armory driveway Mr. Baker activated his left turn signal and stopped in the northbound lane of traffic. Mr. Baker remained at a complete stop for some period of time, then unexpectedly drove the Trillet vehicle into the southbound lane of traffic, at which time it was almost instantaneously struck by the vehicle being driven by the defendant Bachman. Mrs. Trillet received crushing injuries, as did her husband, who in addition suffered a heart attack. Medical testimony was adduced that Mr. Trillet's death was attributable to the accident.

During the course of the trial Mrs. Trillet testified that she had driven a car since she was 15 years old until 1973 when she suffered a stroke. Based upon her driving experience she believed herself capable of judging the speed of a car and her opinion was that the Bachman vehicle was traveling at about 65 miles per hour when it was probably 50 feet or more from her car just prior to the collision. She further testified that when she first saw the Bachman vehicle it was approximately one-half mile away.

Defendant Bachman in his testimony denied that he was ever driving 65 miles per hour but that on the contrary he was at all times within the posted speed limit. It was Bachman's testimony that when he first saw the Trillet vehicle he was going between 45 and 50 miles per hour and that he began decreasing his speed because he was approaching a 40-mile-per-hour zone. It was his further testimony that when the Trillet automobile began its turn he was approximately 140 to 150 feet from it, that he started to apply his brakes, blew his horn and headed for a ditch. Bachman also testified that he visited the scene of the accident about a week later and noticed skid marks left by his car which he estimated to be about 120 to 130 feet in length.

Evidence established that at the time of the accident it was daylight and visibility and road conditions were good.

Additional facts and the procedural aspects of the trial of this case will be set forth as they become pertinent to the determination of this appeal.

The plaintiff raises several issues in this appeal, and we will first consider the contention that the trial court erred in failing to direct a verdict in favor of the plaintiffs on the issue of contributory negligence.

The trial court did deny a plaintiffs' motion for a directed verdict on the issue of contributory negligence and further gave the jury (over plain-

tiffs' objections) two instructions tendered by the defendant on this precise issue. During closing argument, counsel for the defendant, in arguing contributory negligence, stated:

"There simply wouldn't have been an impact, if Mr. and Mrs. Trillet had been doing what the owner of a car, riding as a passenger, should do, and that is exercise some control on how that car is operated."

It is the contention of the plaintiffs that these remarks of counsel for the defendant do not correctly state the law and consequently the error of the trial court in refusing to direct a verdict for the plaintiffs on the issue of contributory negligence was compounded. For reasons hereinafter set forth we agree with the plaintiffs.

■■ In support of the argument that error was committed by the trial court on the contributory negligence issue, the plaintiffs rely on the case of *Bauer v. Johnson* (1980), 79 Ill. 2d 324, 403 N.E.2d 237. Plaintiffs' reliance on the law set forth in this recent case of our supreme court is well taken. In *Bauer* the court set forth the historical background relating to the duty of a passenger to control and warn the driver of a vehicle of a dangerous situation. Historically such duty was predicated upon various theories, *i.e.*, master-servant, principal-agent, or joint enterprise relationships. Finally, in *Palmer v. Miller* (1942), 380 Ill. 256, 43 N.E.2d 973, it was established in Illinois that owner-passenger could be liable for the negligence of a driver if the passenger negligently failed to control the driver. The case of *Bauer* does not abolish the liability of a passenger-owner who fails to warn or control a driver, but does make it clear that mere presence of a passenger-owner who fails to warn or control does not impose liability *per se* upon that individual.

In *Bauer* our supreme court in summarization stated:

"In sum, a plaintiff passenger in a vehicle will be barred from recovery if the negligence of the driver is a legally contributing cause of harm and if the plaintiff was negligent in failing to control the conduct of the driver. The passenger's ownership of the car is relevant only insofar as it is a circumstance which gives the passenger reason to believe that his or her advice, directions or warnings would be heeded. (Restatement (Second) of Torts sec. 495, comment *e* (1965).) But no passenger has a duty to keep a lookout or to control the driver unless the plaintiff knows or should know that such actions are essential to his or her safety. Restatement (Second) of Torts sec. 495, comments *c* and *d* (1965)." 79 Ill. 2d 324, 332.

■■ As we interpret the above language, the plaintiffs were under a duty to control only if they noticed or reasonably should have noticed negli-

gence on the part of the driver Baker, or other conditions which would require their assistance. Baker, the driver, was 73 years of age, he had come to a complete stop in the northbound lane of traffic and was apparently patiently waiting there for a period of time before attempting to make a left turn. A string of other vehicles was also waiting lined up behind the vehicle being operated by Baker. The evidence establishes that the plaintiff, Mrs. Trillet, saw the defendant's vehicle when it was approaching them at a distance of one-half mile away. At that time and for some time thereafter there was no indication that there was any imminent danger. All vehicles were properly located; however, at the last possible second or fraction of a second Baker proceeded with his left turn, thereby entering the southbound lane of traffic and was struck almost instantaneously by the defendant's vehicle. There was no reason why either Mr. or Mrs. Trillet should have anticipated Baker's actions, and once commenced there was nothing that they could have done or said to avert the collision. The time element between the turn and the impact was so scant as to make any warning or effort to wrest control of the vehicle from Baker an exercise in futility. Baker's actions resulted in all of his passengers being trapped in a cage which was thrust without warning into a holocaust. Like the situation in *Bauer*, the record in the instant case is devoid of any evidence of road conditions requiring the plaintiffs' assistance in driving the vehicle, nor was there any evidence of driver incompetence until it was too late for anyone to be of assistance.

In the instant case, as in the case of *Bauer*, there was no substantial factual dispute left to be resolved by the jury on the issue of contributory negligence. The motion of the plaintiffs on this issue should have been granted and the instructions to the jury on the same were erroneously given. The defendant argues that a general verdict is presumed to include a favorable finding on every issue necessary to support it. While we recognize this general rule of law (*Woolsey v. Rupel* (1957), 13 Ill. App. 2d 48, 140 N.E.2d 855), we find it inapplicable in the instant case. In light of the remarks of counsel for the defendant which mistakenly stated the law as to contributory negligence of an owner-passenger, it cannot be presumed that the jury determined the issue in question correctly. The defendant argues that since plaintiffs' motion for directed verdict on the issue of contributory negligence was not in writing it was not properly before the court. While the better practice would be to present written motions, we find no such mandatory requirement in the Civil Practice Act. Defendant's reliance on the case of *Greene v. Noonan* (1939), 372 Ill. 286, 23 N.E.2d 720, is misplaced. In *Greene* our supreme court noted that it was unable from the record to determine whether the motion in question was in writing or not but it was clear that the motion was made, it

presented a question of law, and the trial court was required to pass upon it. 23 N.E.2d 720, 722-23.

For the reasons stated the plaintiffs were entitled to have a directed verdict on the issue of contributory negligence and consequently the judgment of the trial court for the defendant must be reversed and this case remanded for a new trial.

■■ The plaintiffs raise another issue which should be determined in this appeal in order to foreclose difficulties which would most likely occur in a retrial of this case. The issue presented is whether the trial court committed error in denying plaintiffs' motion for a continuance for the purpose of providing them with time to procure a "reconstruction expert witness" who would testify at the trial. The defendant argues that this issue is not properly before this court, since when made the trial court was informed that it was for the purpose of procuring an expert witness who would reconstruct the accident, but that in this appeal the plaintiffs have changed their position by claiming that they wanted an expert witness to testify as to the skid marks left by the defendant's automobile so as to give the jury a basis for determining stopping distance at various speeds.

Whether properly before this court or not is immaterial, since the evidence desired by the plaintiffs would have been inadmissible. Our supreme court has held that speed of an automobile is not a matter beyond the ken of an average juror and that jurors can draw their own conclusions on the basis of eyewitness testimony and hence admission of reconstruction testimony concerning speed of an automobile was error. (*Peterson v. Lou Bachrodt Chevrolet Co.* (1979), 76 Ill. 2d 353, 392 N.E.2d 1.) In the instant case the plaintiff Mrs. Trillet observed the defendant's automobile twice, and she testified as to its speed and movement. The defendant testified as to the speed of his automobile at various points in its progress. The jury also had before it physical facts as to length and placement of skid marks, and photographs of the damaged vehicles. With such evidence it was not beyond the ability of the jury to determine the speed of the vehicles. The case of *Peterson* is controlling in that the testimony of a reconstruction expert would have been inadmissible and thus the motion for continuance was properly denied.

It should further be noted that continuances are governed by Supreme Court Rule 231 (Ill. Rev. Stat. 1979, ch. 110A, par. 231). The rule requires that movant must show due diligence in obtaining material evidence as well as the facts which constitute the evidence. The plaintiffs failed to meet either of these requirements. The motion for continuance was not made until four days prior to trial date and there was no specific fact or facts tendered to the court as to what the evidence would demonstrate.

The plaintiffs raise several other issues; however, they are of such a nature as to not likely recur in the retrial of this case and hence need not be considered.

For the reasons set forth the judgment of the Circuit Court of LaSalle County for the defendant is reversed, and this case is remanded for a new trial consistent with this opinion.

Reversed and remanded with directions.

ALLOY and BARRY, JJ., concur.